UNITED STATES DISTRICT COURT
OF THE CENTRAL DISTRICT OF ILLINOIS (PEORIA)

SHAWN WILLIAMS, # B 12524    ]
                             ]
    Petitioner-Defendant,    ]
                             ]
v.                           ]
                             ]   Civil No.
                             ]   07-1255
ROGER E. WALKER, DIRECTOR,   ]
    Illinois Dept. Of Corr.  ]
                             ]
    Respondent-Plaintiff.    ]

**PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. SEC. 2254**

COMES NOW, the Petitioner herein, SHAWN WILLIAMS, by and through his attorney, Gerardo S. Gutierrez, undersigned counsel, and moves this Honorable Court to vacate the sentence and conviction heretofore imposed, based upon the denial of the right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. The Petitioner's right to effective assistance of counsel was denied when counsel failed to conduct adequate pre-trial investigation and failed to file a notice of appeal. As a result of counsel's failure to investigate, the Petitioner entered an involuntary and unknowing guilty plea. In support hereof, the Petitioner states the following:

1.  An indictment was filed in January, 2000, in the Cook County Circuit Court (case no. 00CR2981) against the Petitioner. The Petitioner was charged with four counts of first degree murder, including murder with intent to kill or injure, murder with a strong probability to kill or injure, and two counts of felony murder. The Petitioner was also charged with vehicular hijacking, aggravated possession of a stolen vehicle, possession of a stolen vehicle, burglary, and seven counts of aggravated battery.

2.    On March 27, 2001, the Petitioner appeared in court and the court was informed of his intention to enter a plea of guilty to one count of first degree murder of Catherine Willis and one count of aggravated battery against Timothy Patterson. In return, the State agreed to dismiss the remaining counts. The parties also agreed on a term of imprisonment of 28 years on the murder charge and 5 years on the aggravated battery charge, to be served concurrently.

The court reviewed the minimum and maximum terms of imprisonment associated with both charges. The court then asked the Petitioner if he understood that he was giving up his right to a jury trial, to make the State prove his guilt beyond a reasonable doubt, to confront witnesses, and to present a defense.

Petitioner's counsel stipulated to the following:

The evidence would have shown that on December 25, 1999, Edward Downey's taxi cab was parked at a gas station. He went inside the gas station and left the car running and unlocked. The Petitioner got into the car and drove off. Police Officers would testify that they observed the Petitioner and followed him. Officer Frye would testify that the Petitioner drove through an intersection when the light was red and struck a vehicle containing Timothy Patterson and Catherine Willis. Additional testimony would have shown that Willis died as a result of the collision and Patterson broke his leg. Further testimony would have established that the Petitioner then lost control of the car and struck pedestrian Adam Pettigrew, resulting in a broken leg.

The court stated that the Petitioner understood the nature of the charges and the possible penalties and knowingly waived his rights. The court then accepted the guilty pleas and sentenced the Petition to 28 years imprisonment.

3. On March 26, 2002, the Petitioner filed a petition to withdraw his guilty plea and to vacate the sentence. In that motion, the Petitioner argued that his attorney told him before entering the guilty pleas that he could not prepare a defense. The petition was dismissed as untimely.

1. On October 27, 2003, the Petitioner filed a pro se petition for post conviction relief in the Circuit Court of Cook County. As ground for the petition, the Petitioner argued that his guilty plea was not voluntary and that he was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel and due process. Specifically, the Petitioner alleged that counsel coerced him into accepting the plea agreement, that counsel failed to consider a possible reckless homicide defense, and that counsel failed to perfect his appeal. On January 15, 2004 the circuit court dismissed the petition, finding (1) concerning the voluntariness of the guilty plea, that the Petitioner did not challenge the plea within 30 days; (2) that the ineffective assistance claims were based upon facts contained within the record, and therefore were waived; (3) that the ineffective assistance claims were conclusory; (4) that his petition was devoid of any facts supporting his contentions; and (5) that the Petitioner failed to attach the letter to his attorney requesting an appeal as referred to in the petition.

4.  The Petitioner appealed the court's denial of his petition for post conviction relief to the Appellate Court of Illinois, First District. The Petitioner made the following arguments:

    I.  The Petitioner's pro se post-conviction petition stated the gist of constitutional claims that his guilty plea was not knowing and voluntary where his attorney erroneously informed him that there was no defense worthy of consideration, and that his attorney failed to perfect his direct appeal.

        A.  The Petitioner's post-conviction petition presented the gist of a meritorious claim that his guilty plea was not knowing and voluntary because his attorney was ineffective in counseling him to accept the plea offer; and

        B.  The Petitioner's post-conviction petition stated the gist of a meritorious claim that his trial counsel was ineffective for failing to perfect his direct appeal.

    II. The trial court erred in dismissing the Petitioner's pro se post-conviction petition on the basis of waiver.

        A.  The procedural ground of waiver is not a proper basis for the dismissal of a first stage post-conviction petition; and

        B.  Even if waiver is a proper ground for first stage dismissal, waiver is not applicable to the Petitioner's claims of ineffective assistance of trial counsel because he did not pursue a direct appeal following his guilty plea.

6.  On April 18, 2006, the Appellate Court entered an order affirming the trial court's denial of the Petitioner's post-conviction petition. The Petitioner then filed a petition for leave to appeal to the Supreme Court of Illinois, which was denied on September 27, 2006.

7.  During pre-trial, plea negotiations and at sentencing, the Petitioner was represented by Robert E. Strunck, Esq., Assistant Public Defender, 2650 S. California

Ave., Chicago, IL, 60608-5146. During the Petitioner's post-conviction proceedings in the Appellate Court, the Petitioner was represented by Sarah Curry, Esq., State Appellate Defender, First Judicial District, 203 North Lasalle St., 24th Floor, Chicago, IL 60601.

8. No further legal action has been taken in this case.

9. The Petitioner submits that his detention is unlawful, and argues that:

   I. The Instant Petition Must be Considered Timely Filed and Must Therefore be Considered on its Merits.

   II. The Petitioner's Right to Due Process of Law, as Guaranteed by the Fifth Amendment to the United States Constitution, was Denied when the State Court Denied Relief on His Petition for Post Conviction Relief, Without Conducting an Evidentiary Hearing.

   III. The Petitioner was Denied his Sixth Amendment Right to Effective Assistance of Counsel during Plea Negotiations, Resulting in an Involuntary and Unknowing Guilty Plea.

   IV. The Petitioner was Denied his Sixth Amendment Right to Effective Assistance of Counsel when Counsel Failed to File a Notice of Appeal.

   V. The Petitioner is Entitled to an Evidentiary Hearing on these Matters.

10. The Petitioner is currently confined in Menard, Illinois. The Petitioner's inmate registration number is B 12524.

WHEREFORE, in consideration of the foregoing as well as argument of law contained in the Memorandum of Law filed herewith, the Petitioner respectfully prays that this Court issue an Order vacating the conviction and sentence imposed in this case based upon violations of the Petitioner's constitutional rights, or in the alternative, restoring the Petitioner's appeal rights. At a minimum, the Petitioner requests an evidentiary hearing on these issues.

Respectfully submitted,

_____
Gerardo S. Gutierrez, Esq.
Attorney for the Petitioner
53 W. Jackson Blvd., Ste. 1122
Chicago, Illinois 60601
(312) 786-9970 telephone
(312) 922-7920 facsimile

## **VERIFICATION**

The Petitioner herein, Shawn Williams, hereby declares, verifies and states under penalty of perjury that the facts stated in the foregoing motion and memorandum of law are true and correct to the best of his knowledge and belief.

Executed on September 25, 2007 pursuant to 28 U.S.C. Sec. 1746.

*Shawn Williams*
Shawn Williams

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion and Memorandum of Law appended hereto has been sent this 25th day of September, 2007, by regular U.S. Mail with sufficient postage affixed thereto to insure delivery thereof to the Office of the Illinois Attorney General, Lisa M. Madigan 100 West Randolph Street, 12th floor Chicago, IL 60601.

_____
Gerardo S. Gutierrez, Esq.
Attorney for the Petitioner

## AFFIDAVIT OF SHAWN WILLIAMS

The Affiant, the Petitioner herein, being first duly sworn, says:

1. He affirms and confirms all of the facts contained in the attached Motion and its accompanying Memorandum of Law, as if fully reiterated herein;

2. The facts stated in the Motion and the Memorandum of Law, including those not reflected in the Record, are true to the best of his information and belief.

3. Specifically, the Petitioner swears and affirms as to the following matters not reflected in the record:

   A. I informed counsel prior to entering a guilty plea that I wanted to proceed to trial.

   B. I also informed my family members that I wished to proceed to trial.

   C. Family members informed me that counsel told them that he would not take my case to trial.

   D. Counsel informed me that he could not provide a defense to felony murder, because I had stolen a car, and that, he said, constituted a forcible felony. Based on these statements, counsel said I would have certainly been found guilty of that crime if I proceeded to trial.

   E. Counsel told me that I would certainly be found guilty because he had talked to the judge.

   F. Counsel told me that I had to enter a plea if I ever wanted to see my family again.

   G. Counsel did not discuss any potential defenses to the charged offenses.

H.     If counsel would have informed me of the possible defense of reckless homicide, I would not have agreed to plead guilty.

I.     If counsel had not led me to believe that I had to plead guilty in order to ever see my family again, I would not have agreed to plead guilty.

J.     Counsel did not inform me that I could raise as a defense that the conduct I was charged with could only justify a conviction for reckless homicide, and not first degree murder.

K.     After I was sentenced, I informed counsel that I wished to file a direct appeal and requested his assistance.

L.     I asked counsel to file a notice of appeal, but counsel did not do so.

4.     Further Petitioner sayeth naught.

*/s/ Shawn Williams*
Shawn Williams, Petitioner

On this 25th day of September, 2007, the above-signed appeared before me, a notary public in and for the State of Illinois, and executed the foregoing instrument.

Notary Public     */s/*

My commission expires:

OFFICIAL SEAL
ERNESTO COTTO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-4-2008