IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| SHAWN WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 07-1255 |
| | ) | |
| ROGER E. WALKER,[1] Director, | ) | |
| Illinois Department of Corrections, | ) | The Honorable |
| | ) | Joe Billy McDade, |
| Respondent. | ) | Judge Presiding. |

## MOTION TO DISMISS DUE TO IMPROPER VENUE

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts,[2] this Court's October 29, 2007 order directing respondent to

answer or otherwise plead, and 28 U.S.C. § 2241(d), respondent ROGER E. WALKER

moves this Court to dismiss without prejudice petitioner's petition for writ of habeas

---

[1]  Petitioner is incarcerated at the Menard Correctional Center in Menard, Illinois, where Don Hulick is Warden.  Because petitioner is in custody at Menard pursuant to a state court judgment, Warden Hulick should be substituted as the proper respondent in this matter.  *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d)(1); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (citing *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996)); *Bridges v. Chambers*; 425 F.3d 1048, 1049-50 (7th Cir. 2005).

[2]  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts contemplates that the respondent's response to the petition may be by "motion, or other response."  *See* Advisory Committee Notes to Rule 4, 2004 Amendments ("[t]he amended rule [4] reflects that the response to the habeas petition may be a motion"); *see also* Advisory Committee Notes to Rule 5, 2004 Amendments (Rule 4 permits the filing of pre-answer motions to dismiss, and "reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion.").

corpus because this Court is not a venue in which the petition can be adjudicated. In the alternative, respondent moves this Court to transfer the petition either to the United States District Court for the Northern District of Illinois or to the United States District Court for the Southern District of Illinois.  In support, respondent states as follows:

1.      Petitioner Shawn Williams is incarcerated at the Menard Correctional Center in Menard, Illinois, where he in the custody of Don Hulick.  Petitioner's prison identification number is B12524.

2.      On March 27, 2001, petitioner pled guilty in the Circuit Court of Cook County, Illinois, to first degree murder and aggravated battery, and the trial court sentenced petitioner to concurrent terms of 28 and five years' imprisonment, respectively.  Rule 23 Order at 2, *People v. Williams*, No. 1-04-0771 (Ill.App. 1st Dist. Apr. 18, 2006) (Exhibit A).  After the trial court denied petitioner's untimely motion to withdraw his guilty plea, petitioner filed a postconviction petition in the Circuit Court of Cook County.  *Id.* at 3; *see* 725 ILCS 5/122-1, *et seq.*  The postconviction trial court dismissed the petition as frivolous and patently without merit, and the state appellate court affirmed.  Exh. A at 4, 5-15.  On September 27, 2006, the Illinois Supreme Court denied petitioner's petition for leave to appeal. *People v. Williams*, 857 N.E.2d 673 (2006).

3.      Petitioner, through counsel, filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254 on September 27, 2007, raising three claims:

(1)    petitioner was denied due process when the state postconviction trial court dismissed his petition without an evidentiary hearing;

(2)    trial counsel was ineffective for

    (a)    allowing petitioner to enter an involuntary and unknowing guilty plea; and

    (b)    failing to file a notice of appeal; and

(3)    petitioner is entitled to an evidentiary hearing on his claims.

(*See* Doc. 1 at 5).

4.    Petitioner has exhausted his state court remedies because no state court avenues remain available by which petitioner may present the constitutional claims that he has raised in his habeas petition.  *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

5.    The following materials are being filed as exhibits in this Court:

Exhibit A:    Rule 23 Order, *People v. Williams*, No. 1-04-0771 (Ill.App. 1st Dist. Apr. 18, 2006); and

Exhibit B:    Petitioner's Illinois Department of Corrections Information Sheet (Sept. 27, 2006).

6.    Petitioner's petition for writ of habeas should be dismissed without prejudice because this Court is not a venue in which the petition can be adjudicated. Section 2241 provides, in pertinent part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

* * *

(d)  Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(a), (d).

7.    Section 2241(d) is "a special venue provision" that limits the available venues in which state prisoners may seek habeas corpus relief. *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004).  Under § 2241(d), habeas petitioners "are required to file [their petitions] either in the district in which they are confined or in the district in which the court that sentenced them is located." *Bridges*, 425 F.3d at 1050 (citing 28 U.S.C. § 2241(d) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973)).

8.    The instant petitioner was convicted in Cook County, Illinois.  (Doc. 1 at 1).  And, at the time he filed his petition, petitioner was (and to this day remains) in custody at the Menard Correctional Center, located within Randolph County, Illinois.  *See* Petitioner's Illinois Department of Corrections Information Sheet (Sept. 27, 2006) (Exhibit B).  As neither Cook County nor Randolph County is within the territorial extent of the United States District Court for the Central

District of Illinois, *see* 28 U.S.C. § 93(a) (Cook County lies within the Northen District of Illinois); 28 U.S.C. § 93(c) (Randolph County lies within the Southern District of Illinois), this Court is not a venue in which the petition can be adjudicated.  28 U.S.C. § 2241(d); *Bridges*, 425 F.3d at 1050.  Therefore, this Court should either dismiss petitioner's habeas petition without prejudice or, "in the exercise of its discretion and in furtherance of justice[,]" transfer the petition to either the United States District Court for the Northern District of Illinois or the United States District Court for the Southern District of Illinois.  28 U.S.C. § 2241(d).

## CONCLUSION

For the foregoing reasons, respondent respectfully requests this Court to dismiss petitioner's petition for writ of habeas corpus without prejudice because this Court is not a venue in which the petition can be adjudicated. Alternatively, respondent requests that the petition be transferred either to the United States District Court for the Northern District of Illinois or to the United States District Court for the Southern District of Illinois.

December 11, 2007                           Respectfully submitted,

                                            LISA MADIGAN
                                            Attorney General of Illinois

                              By:    s/ Michael R. Blankenheim
                                     MICHAEL R. BLANKENHEIM, Bar # 6289072
                                     Assistant Attorney General
                                     100 West Randolph Street, 12th Floor
                                     Chicago, Illinois 60601
                                     TELEPHONE: (312) 814-8826
                                     FAX: (312) 814-2253
                                     EMAIL: mblankenheim@atg.state.il.us

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 11, 2007, I electronically filed respondent's **Motion To Dismiss Due To Improper Venue** with the Clerk of the United States District Court for the Central District of Illinois, Peoria Division, using the CM/ECF system, which will send a copy of the same to:

Gerardo Gutierrez
53 West Jackson Boulevard
Suite 1122
Chicago, Illinois 60601

<div style="margin-left:40%">

LISA MADIGAN
Attorney General of Illinois

By:    <u>s/ Michael R. Blankenheim</u>
MICHAEL R. BLANKENHEIM, Bar # 6289072
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601
TELEPHONE: (312) 814-8826
FAX: (312) 814-2253
EMAIL: mblankenheim@atg.state.il.us

</div>