NOTICE

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

SECOND DIVISION
APRIL 18, 2006

No. 1-04-0771

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the |
| ) | Circuit Court of |
| Plaintiff-Appellee, ) | Cook County. |
| ) | |
| v. ) | No. 00 CR 2981 |
| ) | |
| SHAWN WILLIAMS, ) | The Honorable |
| ) | Colleen McSweeney Moore, |
| Defendant-Appellant. ) | Judge Presiding |

O R D E R

The defendant, Shawn Williams, appeals from an order of the trial court summarily dismissing his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 2002)). Specifically, the defendant argues (1) his petition stated the gist of a constitutional claim that his guilty plea was not knowing and voluntary where he received ineffective assistance of trial counsel and (2) the trial court erred in dismissing the petition based on waiver. For the reasons that follow, we affirm the judgment of the trial court.

In January 2000, the defendant was charged by indictment with four counts of first-degree murder, one count of aggravated

EXHIBIT A

1-04-0771

possession of a stolen motor vehicle, one count of vehicular
homicide, one count of possession of a stolen motor vehicle, one
count of burglary, and seven counts of aggravated battery.

On March 27, 2001, the defendant entered into a negotiated
plea agreement, which was negotiated in a Supreme Court Rule 402
conference.  The defendant agreed to plead guilty to one count of
first-degree murder (720 ILCS 5/9-1(a)(1) (West 1998)) and one
count of aggravated battery (720 ILCS 5/12-4(a) (West 1998)).  In
exchange, the defendant was sentenced to a prison term of 28
years for murder and a concurrent 5-year term for aggravated
battery.  The State also agreed to dismiss the remaining counts.

The parties stipulated to the factual basis for the guilty
plea.  If the case proceeded to trial, Edward Downy would testify
that on December 25, 1999, he parked his taxi cab at a gas
station on south Michigan Avenue in Chicago.  He left the cab
running and the doors unlocked while he walked into the gas
station office to purchase gas.  The defendant got into the taxi
and drove eastbound on 31st Street.  Downey called 911 and
reported the stolen vehicle.

Police officers Tara Bell, James Woods, and Frye would
testify that they observed the defendant driving the taxi at a
high rate of speed and followed him.  At the intersection of 47th
Street and Cottage Grove, the defendant drove through a red light
and struck a vehicle occupied by Timothy Patterson and Catherine
Willis.  Willis died as a result of injuries sustained in the

2

1-04-0771

crash and Patterson sustained a broken leg.  After the collision,
the defendant lost control of the taxi and struck a pedestrian,
Adam Pettigrew.  Pettigrew sustained a broken leg and numerous
cuts and abrasions.

Following the defendant's guilty plea, the trial court
admonished him of his right to appeal and indicated that before
he could appeal, he was required to file a motion to withdraw his
guilty plea within 30 days.

On March 26, 2002, nearly a year after his guilty plea, the
defendant filed a pro se motion to withdraw his guilty plea and
vacate his sentence.  The defendant's sole contention was that
his attorney told him he could not prepare a defense for his
case.  The court denied the motion as untimely.

On October 27, 2003, the defendant filed a pro se post-
conviction petition.  The defendant alleged, inter alia, that he
was denied effective assistance of trial counsel because (1) his
attorney told him that there was no defense worthy of
consideration and did not consider a possible reckless homicide
defense and (2) his attorney failed to file a notice of appeal at
his request.  Specifically, the defendant alleged that his
attorney informed him "that the plea agreement for first degree
murder would insure that he would see his family again because
there was no defense worthy of consideration that could be
presented to a jury."  He also asserted:

"his fourteenth amendment right to due process and

3

1-04-0771

sixth amendment right to effective assistance of
counsel were denied him when appointed counsel:

    (a) encouraged a plea agreement that had no
    sufficient factual basis to support that
    plea;

    ***

    (c) encouraged acceptance of a plea agreement
    through the misrepresentation of facts and
    the law;

    (d) refused to consider a possible reckless
    homicide defense when facts and law supported
    that defense;

    (e) refused to file an appeal after
    petitioner's repeated request to do so;

        * * *."

The trial court dismissed the petition as frivolous and
patently without merit.  Specifically, the court found that the
defendant waived his claims concerning his attorney's competence
because the claims were premised on the trial record.  Further,
the court found that the defendant failed to attach a letter in
which he informed his attorney of his desire to appeal and that
his petition was devoid of facts supporting his contentions and
"entirely conclusory."

In this appeal, the defendant argues that the trial court
erred in dismissing his postconviction petition because the

1-04-0771

petition stated the gist of a constitutional claim -- that as a result of his counsel's ineffective assistance, his guilty plea was not knowing and voluntary.  The defendant contends that his decision to plead guilty was based on his attorney's assertion that he had no defense worthy of consideration.  He argues that his attorney was ineffective for failing to consider or inform the defendant about a reckless homicide defense and for failing to file a timely notice of appeal.

The Act permits a defendant to challenge his conviction or sentence for violations of federal or state constitutional rights.  People v. McNeal, 194 Ill. 2d 135, 140, 742 N.E.2d 269 (2000).  An action for postconviction relief is collateral and not an appeal from an earlier judgment.  To be entitled to relief under the Act, "a defendant must demonstrate a substantial deprivation of federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged."  McNeal, 194 Ill. 2d at 140.  The scope of postconviction relief is limited by considerations of res judicata and waiver "'to constitutional matters which have not been, and could not have been, previously adjudicated.'"  McNeal, 194 Ill. 2d at 140, quoting People v. Winsett, 153 Ill. 2d 335, 346, 606 N.E.2d 1186 (1992).

A defendant is not entitled to an evidentiary hearing on his postconviction petition as a matter of right.  A trial court may summarily dismiss a defendant's petition in its first stage of

1-04-0771

review if the petition is frivolous and patently without merit.
725 ILCS 5/122-2.1(a)(2) (West 2002).  A petition is frivolous
and without merit when the allegations, taken as true, fail to
present the gist of a meritorious constitutional claim.  People
v. Collins, 202 Ill. 2d 59, 66, 782 N.E.2d 195 (2002).  Although
this threshold is low, a defendant's allegations must be
supported by the record or accompanying affidavits.  People v.
Coleman, 183 Ill. 2d 366, 381, 701 N.E.2d 1063 (1998).  We review
a trial court's summary dismissal de novo.  Coleman, 183 Ill. 2d
at 387-88.

The State contends that the defendant's petition does not
meet the evidentiary requirements required by section 122-2 of
the Act and summary dismissal was appropriate.  Section 122-2
requires that the petition "shall have attached thereto
affidavits, records, or other evidence supporting its allegations
or shall state why the same are not attached."  725 ILCS 5/122-2
(West 2002).  The evidentiary requirements are mandatory and
courts will summarily dismiss petitions that fail to meet them.
Collins, 202 Ill. 2d at 66.  "Nonfactual and nonspecific
assertions which merely amount to conclusions are not sufficient
to require a hearing under the Act."  Coleman, 183 Ill. 2d at
381.

The supreme court has recognized one narrow exception to
section 122-2.  See Collins, 202 Ill. 2d at 68.  In People v.
Williams, 47 Ill. 2d 1, 264 N.E.2d 697 (1970), the defendant

6

1-04-0771

filed a postconviction petition, alleging that his guilty plea
was not knowing and voluntary because his attorney misrepresented
the sentence he was to receive.  The defendant failed to attach
supporting documents and did not indicate why the documents were
missing.  The court held that although the defendant failed to
meet the evidentiary requirements, the petition contained facts
from which the court inferred that "the only affidavit that
petitioner could possibly have furnished, other than his own
sworn statement, would have been that of his attorney."
Williams, 47 Ill. 2d at 4.  The court recognized "[t]he
difficulty or impossibility of obtaining such an affidavit" and
reversed the trial court's summary dismissal of the defendant's
petition.  Williams, 47 Ill. 2d at 4.

This case does not fall into the Williams exception because
the defendant not only failed to provide sufficient documentary
evidence, but he failed to allege facts from which this court
could infer that only his attorney's affidavit was necessary.  We
agree with the trial court that the defendant's petition was
devoid of facts to support his contentions and that his
allegations were conclusory.  See Collins, 202 Ill. 2d at 68
(where the defendant's petition "complies with neither the letter
nor the substance of section 122-1, as it lacks not only an
explanation for the absence of supporting evidence but also even
a single allegation from which such an explanation could
reasonably be inferred," it can be summarily dismissed).

1-04-0771

Even if the defendant's petition provided sufficient facts
so that it fell within the <u>Williams</u> exception, it did not state
the gist of a constitutional claim.  The defendant cites <u>People</u>
<u>v. Belk</u>, 326 Ill. App. 3d 290, 760 N.E.2d 118 (2001), <u>aff'd</u> 203
Ill. 2d 187, 784 N.E.2d 825 (2003), to support his argument that
he received ineffective assistance of trial counsel.  The
defendant in <u>Belk</u> was charged with felony murder and aggravated
possession of a stolen motor vehicle.  Belk was intoxicated when
he stole a van and while being pursued by police, he crashed into
another vehicle, killing both occupants.  Following a bench
trial, a trial court found the defendant guilty of two counts of
felony murder and one count of aggravated possession of a stolen
vehicle.  <u>Belk</u>, 203 Ill. 2d at 189.  The appellate court reduced
the defendant's conviction to reckless homicide, holding that
because the defendant merely acted reckless and not
intentionally, the offense of aggravated possession of a stolen
vehicle was not a forcible felony for purposes of the felony-
murder statute.  <u>Belk</u>, 326 Ill. App. 3d at 295.  The supreme
court affirmed that decision, explaining "that under the facts of
this case, aggravated possession of a stolen motor vehicle is not
a forcible felony for purposes of the felony-murder statute
because the evidence does not support an inference that Belk
contemplated that the use of force or violence against an
individual might be involved in attempting to elude police."
<u>Belk</u>, 203 Ill. 2d at 197-98.

1-04-0771

The defendant contends that "Belk shows that under the facts of [the defendant]'s case, had he proceeded to trial, he would have been able to present a theory of recklessness to a jury and had the jury been instructed on such a theory.  Moreover, the Belk Courts found no evidence of intent under facts almost identical to the facts in [his] case."

Although we agree that the facts in this case are similar to those in Belk, in this case, the defendant failed to make any factual allegations in his petition or point to any evidence in the record that showed that he was merely acting recklessly and not knowingly and intentionally when he crashed into the other vehicle.  In Belk, the court specifically found that there was no evidence in the record that the defendant contemplated or was willing to use force or violence against an individual to make their escape.  Belk, 203 Ill. 2d at 196.  In this case, where the defendant provided no factual basis to support his assertion that he would have been entitled to a reckless homicide jury instruction, we cannot and will not assume that this evidence existed.  Accordingly, an attorney is not ineffective for failing to inform a client about the possibility of a reckless homicide instruction where there were no facts to suggest that the client was acting recklessly and not intentionally.

In addition, Belk was a direct appeal that concerned felony murder and specifically addressed whether aggravated possession of a stolen motor vehicle could be considered a predicate felony

1-04-0771

for felony murder.  It did not concern or address other charges
of murder.  The supreme court explained:

> "In support of its argument that aggravated
> possession of a stolen motor vehicle should be
> considered a forcible felony under the circumstances of
> this case, the State cites People v. Stevens, 324 Ill.
> App. 3d 1084 (2001), and People v. Thomas, 266 Ill.
> App. 3d 914 (1994).  In those cases, the defendants
> were fleeing police in stolen motor vehicles when they
> were involved in accidents which resulted in the
> victims' deaths.  The defendants were convicted of
> first degree murder pursuant to section 9-1(a)(2) of
> the Code, which provides that a person commits first
> degree murder when he knows that his actions created a
> strong probability of death or great bodily harm.  720
> ILCS 5/9-1(a)(2) (West 2000).  The appellate court
> upheld the convictions in those cases, finding that a
> jury could have concluded from the evidence that the
> defendants knew that their actions created a strong
> probability of death or great bodily harm.  These cases
> are inapposite.  While a defendant's knowledge that his
> actions create a strong probability of death or great
> bodily harm is sufficient to support a conviction for
> first degree murder under section 9-1(a)(2) of the
> Code, a defendant's knowledge that his actions might

10

1-04-0771

> involve the threat or use of force or violence against
>
> an individual is not sufficient, under <u>Golson</u>, to make
>
> a felony a forcible felony under section 2-8."

(Emphasis in original.)    <u>Belk</u>, 203 Ill. 2d at 196-97.
Here, the defendant pleaded guilty to knowing and intentional
first-degree murder.   As we explained above, the defendant's
petition provided no facts to support his claim that he was
merely reckless when he killed Willis.   The defendant, therefore,
cannot state the gist of a constitutional claim that his attorney
was ineffective.

The defendant also contends that he was denied effective
assistance of counsel because his attorney failed to perfect his
appeal.   In his petition, the defendant alleged that less than a
week after he entered into the plea agreement, he had second
thoughts about the plea and informed his attorney that he wanted
to appeal it; his attorney did not respond.   In January 2002, the
defendant sent a letter to his attorney concerning his desire to
appeal, to which his attorney did not respond.   The defendant
cites <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 145 L. Ed. 2d 985, 120
S. Ct. 1029 (2000), to support his argument that his attorney was
ineffective for failing to file a notice of appeal.

In <u>Flores-Ortega</u>, the defendant pleaded guilty to numerous
crimes in California.   Following his plea, his attorney failed to
file a timely notice of appeal.   After exhausting review
procedures in California, the defendant filed a federal <u>habeas</u>

1-04-0771

<u>corpus</u> petition, arguing he was denied effective assistance of
counsel because his attorney failed to file a notice of appeal
after he promised to do so.

Analyzing the defendant's claim under <u>Strickland</u>, the
Supreme Court explained that "a lawyer who disregards specific
instructions from the defendant to file a notice of appeal acts
in a manner that is professionally unreasonable." <u>Flores-Ortega</u>,
528 U.S. at 477, 145 L. Ed. 2d at 995, 120 S. Ct. at 1035.  On
the other hand, "a defendant who explicitly tells his attorney
<u>not</u> to file an appeal plainly cannot later complain that, by
following his instructions, his counsel performed deficiently."
(Emphasis in original.)  <u>Flores-Ortega</u>, 528 U.S. at 477, 145 L.
Ed. 2d at 995, 120 S. Ct. at 1035.  In that case, like this one,
the Court addressed whether counsel was deficient when the
defendant did not clearly convey his wishes one way or the other.

Concerning <u>Strickland</u>'s performance prong, the Supreme Court
rejected a bright-line rule that counsel must always consult a
defendant regarding an appeal.  <u>Flores-Ortega</u>, 528 U.S. at 480,
145 L. Ed. 2d at 996-97, 120 S. Ct. at 1036.  The Court instead
held that defense counsel has a constitutional duty to consult
with a defendant about an appeal when either (1) a rational
defendant would want to appeal, or (2) a defendant reasonably
demonstrates his interest in appealing.  In making this decision,
courts must take into account all the information counsel knew or
should have known.  "Even in cases when the defendant pleads

12

1-04-0771

guilty, the court must consider such factors as whether the
defendant received the sentence bargained for as part of the plea
and whether the plea expressly reserved or waived some or all
appeal rights.  Only by considering all relevant factors in a
given case can a court properly determine whether a rational
defendant would have desired an appeal or that the particular
defendant sufficiently demonstrated to counsel an interest in an
appeal." Flores-Ortega, 528 U.S. at 480, 145 L. Ed. 2d at 997,
120 S. Ct. at 1036.  Based on the limited record, the Court could
not determine whether the defendant conveyed his wishes to his
attorney concerning his interest in appealing.

Concerning Strickland's prejudice prong, the Supreme Court
held that because counsel's alleged deficient performance
deprived the defendant of participation in the appellate process,
prejudice was presumed.  Flores-Ortega, 528 U.S. at 483, 145 L.
Ed. 2d at 998, 120 S. Ct. at 1038.  Although prejudice was
presumed, the defendant still had to show counsel's deficient
performance "actually cause[d] the forfeiture of the defendant's
appeal.  If the defendant cannot demonstrate that, but for
counsel's deficient performance, he would have appealed,
counsel's deficient performance has not deprived him of anything,
and he is not entitled to relief." Flores-Ortega, 528 U.S. at
484, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038.  Therefore, to
show prejudice, "a defendant must demonstrate that there is a
reasonable probability that, but for counsel's deficient failure

13

1-04-0771

to consult with him about an appeal, he would have timely

appealed."  Flores-Ortega, 528 U.S. at 484, 145 L. Ed. 2d at 999,

120 S. Ct. at 1038.

The Illinois supreme court adopted and followed that holding

in People v. Edwards, 197 Ill. 2d 239, 757 N.E.2d 442 (2001).  In

that case, the defendant filed a pro se petition for

postconviction relief, arguing that following his guilty plea,

his attorney refused his request to file an appeal and became

"totally unavailable in regard to the case."  Edwards, 197 Ill.

2d at 240-41.  The circuit court dismissed the defendant's

petition as frivolous and patently without merit, finding that

the defendant could not establish prejudice because he did not

provide grounds for the withdrawal of his guilty plea.  The

appellate court affirmed.  Following Flores-Ortega, the supreme

court reversed, explaining that "Flores-Ortega [] establishes

that a pro se defendant, even if he pled guilty, cannot be

required to demonstrate how his appeal would have been successful

in order to establish that he was prejudiced by his attorney's

failure to pursue a requested appeal."  (Emphasis in original.)

Edwards, 197 Ill. 2d at 253.

Edwards, however, does not apply where the evidentiary

requirements of section 2-122 are not met.  See Collins, 202 Ill.

2d at 69 ("The issue in Edwards was whether the factual

allegations set forth in the defendant's post-conviction petition

stated the gist of a meritorious claim of ineffective assistance

14

1-04-0771

of counsel.  In analyzing that question, this court had neither

reason nor occasion to assess the sufficiency of the petition's

supporting documentation.  In fact, the opinion in <u>Edwards</u> does

not even describe what, if any, supporting evidence was attached

to the petition").  Because the defendant did not comply with

section 122-2, we affirm the trial court's summary dismissal of

his postconviction petition.

        Based on our disposition, we need not address the

defendant's waiver argument.

        For the reasons stated, we affirm the judgment of the trial

court.

        Affirmed.

        GARCIA, P.J., with SOUTH and HALL, JJ., concurring.