IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. SHAWN WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>ROGER E. WALKER,[1] Director,<br>Illinois Department of Corrections,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

07 C 7238

The Honorable
Samuel Der-Yeghiayan,
Judge Presiding.

**MOTION TO DISMISS**
**PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED**

Pursuant to 28 U.S.C. § 2244(d)(1)(A), Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and this Court's January 3, 2008 order (Doc. 10), respondent ROGER E. WALKER moves this Court to dismiss petitioner's petition for writ of habeas corpus with prejudice because it is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). In support, respondent states as follows:

1. Petitioner Shawn Williams is incarcerated at the Menard Correctional Center in Menard, Illinois, where he in the custody of Warden Don Hulick. Petitioner's prison identification number is B12524.

---

[1] Don Hulick, warden at the Menard Correctional Center, is the proper respondent in this matter and should be substituted for Roger E. Walker. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d)(1); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Bridges v. Chambers*, 425 F.3d 1048, 1049-50 (7th Cir. 2005).

2.      On March 27, 2001, petitioner pled guilty in the Circuit Court of Cook

County, Illinois, to first degree murder and aggravated battery, and the trial court

sentenced him to concurrent terms of 28 and five years' imprisonment, respectively.

*See* Rule 23 Order, *People v. Williams*, No. 1-04-0771 at 2 (Ill.App. 1st Dist. Apr. 18,

2006) (Exhibit A); (*see also* Doc. 1 at 2).   Petitioner's conviction arose out of an

incident on Christmas Day 1999, when petitioner stole a taxi cab and, while

operating the taxi at a high rate of speed:

> drove through a red light and struck a vehicle occupied by
> Timothy Patterson and Catherine Willis.  Willis died as a
> result of the injuries sustained in the crash, and
> Patterson sustained a broken leg.  After the collision,
> [petitioner] lost control of the taxi and struck a
> pedestrian, Adam Pettigrew.  Pettigrew sustained a
> broken leg and numerous cuts and abrasions.

Exh. A at 2-3.

3.      On the day that petitioner pled guilty and was sentenced, the trial

court admonished him that, before he could appeal, he was required under Illinois

Supreme Court Rule 604(d) to file a motion to withdraw his guilty plea within 30

days.  *Id.*

4.      Petitioner did not file a motion to withdraw his guilty plea until March

26, 2002, nearly one year after he pled guilty.  *See* Motion to Withdraw Guilty Plea,

*People v. Williams*, No. 00 CR 2981 (Exhibit B).  On April 9, 2002, the trial court

denied the motion as untimely.  Exh. A at 3

5.      More than 18 months later, on October 27, 2003, petitioner filed in the

Circuit Court of Cook County a pro se postconviction petition pursuant to 725 ILCS

5/122-1, *et seq.  See* Postconviction Petition, *People v. Williams*, No. 00 CR 2981

(Exhibit C).  On January 15, 2004, the state trial court dismissed the petition as

frivolous and patently without merit.  Exh. A at 4.

       7.      Petitioner appealed to the Illinois Appellate Court, First District.  On

April 18, 2006, the state appellate court affirmed.  *See id.*

       8.      On June 8, 2006, petitioner filed a petition for leave to appeal (PLA) in

the Illinois Supreme Court.  *See* PLA, *People v. Williams*, No. 102087 (Exhibit D).

The state supreme court denied petitioner's PLA on September 27, 2006.  *See* Order,

*People v. Williams*, No. 102087 (Ill. 2006) (Exhibit E).

       9.      Petitioner, through counsel, filed the instant petition for writ of habeas

corpus under 28 U.S.C. § 2254 on September 27, 2007, raising three claims:

      (1)      petitioner was denied due process when the state trial court dismissed
              his postconviction petition without an evidentiary hearing;

      (2)      trial counsel was ineffective for:

           (a)      allowing petitioner to enter an involuntary and unknowing
                   guilty plea; and

           (b)      failing to perfect petitioner's direct appeal; and

      (3)      petitioner is entitled to an evidentiary hearing on his claims.

(Doc. 1 at 5).[2]

---

    [2]  The petition was originally filed in the United States District Court for the
Central District of Illinois.  That district was not a venue in which the petition
could be adjudicated because petitioner was neither convicted, nor serving his
sentence, in a county within that court's territorial jurisdiction.  *See* 28 U.S.C.
§ 2241(d); *Bridges*, 425 F.3d at 1050.  On respondent's motion (Doc. 6), the district
court transferred the habeas petition to this Court.  (Doc. 7).

10.    Petitioner has exhausted his state court remedies because no state court avenues remain available by which petitioner may present the claims that he has raised in the present federal habeas petition. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); 725 ILCS 5/122-1(c), (f).

11.    The following materials, pertinent to this Court's timeliness determination, are being filed as exhibits in this Court under separate cover:

Exhibit A:    Rule 23 Order, *People v. Williams*, No. 1-04-0771 (Ill.App. 1st Dist. Apr. 18, 2006);

Exhibit B:    Motion to Withdraw Guilty Plea, *People v. Williams*, No. 00 CR 2981;

Exhibit C:    Postconviction Petition, *People v. Williams*, No. 00 CR 2981;

Exhibit D:    PLA, *People v. Williams*, No. 102087; and

Exhibit E:    Order, *People v. Williams*, No. 102087 (Ill. 2006).

12.    Petitioner's petition for writ of habeas corpus should be dismissed with prejudice because it is untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of § 2254 habeas corpus petitions.  Section 2244(d) provides as follows:

(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the

-4-

Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C § 2244(d).

## I.    The Entire Application Is Untimely Under § 2244(d)(1)(A).

13.    Petitioner's habeas petition is untimely under subsection (d)(1)(A).  As indicated previously, petitioner did not pursue a direct appeal.  *See* ¶3-4, *supra.* Under Illinois law, no appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment.  *See* Ill. Sup. Ct. R. 604(d).

14.    Because petitioner pled guilty and was sentenced on March 27, 2001, the time for filing a motion to withdraw his guilty plea — and thus the time for initiating direct review of his conviction — expired on April 26, 2001.  *Id.*; *People v. Diaz*, 735 N.E.2d 605, 609 (Ill. 2000).  But petitioner did not move to withdraw his guilty plea until March 26, 2002, which by then was too late under Illinois law, so

his judgment of conviction became final on April 26, 2001. *United States ex rel. Soto v. Liebach*, No. 04 C 2955, 2004 WL 2222267, *2 (N.D. Ill. Oct. 1, 2004) (holding that conviction became final 30 days after sentencing because petitioner did not move to withdraw his guilty plea within time allotted by Ill. Sup. Ct. R. 604(d)). Petitioner was therefore required to file his federal habeas petition on or before April 26, 2002. Because petitioner did not file his habeas petition until September 27, 2007, it is untimely and should be dismissed with prejudice.

15.    Petitioner argues that the limitations period did not begin running until September 27, 2006, when the state supreme court denied his PLA on postconviction review. (Doc. 2 at 4). This argument is meritless because the statute of limitations had already expired *before* petitioner filed a postconviction petition. AEDPA's one-year limitations period is tolled during the period in which a properly filed application for state postconviction relief is pending. 28 U.S.C. § 2244(d)(2); *Jones v. Hulick*, 449 F.3d 784, 788 (7th Cir. 2006). But petitioner's postconviction petition was not filed until October 27, 2003 — more than two-and-a-half years after the limitations period had expired — so that collateral attack could not toll, let alone restart, the already expired limitations period. *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005); *see also Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007) (subsection (d)(2) did not make federal habeas petition timely where limitations period under § 2244(d)(1)(A) had already expired three years before petitioner filed for state collateral relief).

16.     Accordingly, petitioner's habeas petition is two-and-a-half-years late, even assuming that his belated postconviction petition tolled the limitations period under § 2244(d)(2).[3]

## II.     Section 2244(d)(1)(B) Does Not Supply The Applicable Starting Date For Any Of Petitioner's Claims.

17.     Petitioner appears to argue that his trial counsel's alleged failure to perfect his direct appeal by filing a motion to withdraw his guilty plea impeded his ability to file a timely habeas petition.  (*See* Doc. 2 at 4 ("The time between his sentencing [on March 27, 2001] and the filing of [his] motion [to withdraw his guilty plea on March 26, 2002] should not count against the one year time limitation.  If a direct appeal would have been pending . . . the one year time period would not have begun to run before the appeal was completed.")).  If petitioner is suggesting that trial counsel's alleged failure to perfect his direct appeal constituted an

---

[3]     However, it could be argued that, because the statute of limitations had already elapsed, there was no "period of limitation" that petitioner's belated postconviction petition could toll.  *Accord Escamilla*, 426 F.3d at 870 ("The state court's willingness to entertain a belated collateral attack of the merits does not affect the timeliness of the federal proceeding, because no state collateral review was 'pending' during 1998 and 1999").  In that case, the 1,066 days (from October 27, 2003, when petitioner filed his state postconviction petition, to September 27, 2006, when his postconviction PLA was denied) during which petitioner pursued postconviction relief should count against the one-year period.  Adding to those 1,066 days the untolled time that elapsed between April 26, 2001 (when petitioner's conviction became final) and October 27, 2003 (when petitioner filed a postconviction petition), the instant petition would actually have been filed 2,099 days after § 2244(d)(1)(A)'s limitations period expired.  Because the instant petition is untimely even if petitioner's state postconviction petition tolled the limitations period under § 2244(d)(2), this Court need not decide whether the 1,066 days during which petitioner sought state postconviction relief should count against the one-year clock.

"impediment to filing. . . created by State action in violation of the Constitution"
that actually "prevented [petitioner] from filing" a timely habeas petition, such an
argument would be without merit.

18.    The "plain language of [§ 2244(d)(1)(B)] makes clear that whatever
constitutes an impediment must *prevent* a prisoner from filing his petition." *Lloyd*
*v. VanNatta*, 296 F.3d 630, 633 (7th Cir. 2002) (emphasis in original).  In this case,
petitioner has not alleged that, or explained how, trial counsel's purported failure to
perfect petitioner's direct appeal actually prevented him from filing his federal
petition on time.  In fact, petitioner only claims that "counsel's ineffectiveness
prevented petitioner from pursuing *a direct appeal* during this time period."  (Doc. 2
at 4) (emphasis added).  In the absence of an allegation (or evidence) that trial
counsel's ineffectiveness actually prevented petitioner from filing a timely federal
habeas petition, § 2244(d)(1)(B) is inapplicable.

19.    Furthermore, petitioner's ability to file the instant habeas petition
demonstrates that trial counsel's alleged failure to perfect the direct appeal did not
actually "prevent" petitioner from filing his § 2254 petition at an earlier date.  Even
assuming, *arguendo*, the truth of petitioner's assertion that trial counsel's
ineffectiveness deprived him of his right to appeal, that "impediment" to filing has
not been "removed."  *See* 28 U.S.C. § 2244(d)(1)(B) (clock begins running on "date on
which the impediment to filing . . . is removed").  That is to say, although petitioner
has yet to receive a remedy for counsel's ineffectiveness, he was nevertheless able to
file his habeas petition on September 26, 2007.  Just as the purported "impediment

-8-

to filing" did not prevent petitioner from filing the instant petition, it could not have prevented petitioner from filing a habeas petition before the limitations period expired on April 26, 2002. *Cf. Holland v. Woodford*, No. 06-CV-969, 2007 WL 2462114, *3 (S.D. Cal. Aug. 27, 2007) (because ineffective assistance of appellate counsel was "ongoing and did not keep [p]etitioner from bringing this claim [in his 2006 petition], [it] could not have been sufficient to impede [p]etitioner from bringing this same claim in 2000").

20.     Lastly, in order to prevail under § 2244(d)(1)(B), petitioner must demonstrate that the impediment to filing was "created by State action." Petitioner cannot satisfy that element of § 2244(d)(1)(B) because a public defender does not act under color of state law when representing an indigent client, *Polk County v. Dodson*, 454 U.S. 312, 318-20 (1981), even when the defender's deficient performance causes "the trial process to deprive an accused person of his liberty in an unconstitutional manner," *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983).[4]

21.     *Powell v. Davis*, 415 F.3d 722, 727-28 (7th Cir. 2005), holds that a public defender's alleged incompetence or misconduct does not constitute a State-created impediment to filing. In that case, the court rejected a habeas petitioner's

---

[4] There are two exceptions to the general rules outlined above. *See Tower v. Glover*, 467 U.S. 914, 920 (1984) (public defender acts under color of state law "when engaged in a conspiracy with state officials to deprive another of federal rights"); *Polk County*, 454 U.S. at 324-25 (public defender's administrative measures, like hiring and budgetary decisions, qualify as state action for purposes of 42 U.S.C. § 1983). The facts alleged by petitioner do not implicate either exception.

argument that his public defender's alleged misconduct was "State action" that

prevented petitioner from filing a federal habeas petition:

> Powell identifies the two-year stay as the impediment
> that prevented him from filing a timely § 2254 petition
> and blames the state postconviction court for granting the
> stay to accommodate the public defender. But that
> argument fails at the threshold for lack of a *state*-created
> impediment: the public defender's case management
> priorities are not the type of administrative procedures,
> like hiring and budgetary decisions, that would make the
> office a state actor under the administrative-action
> exception for public defenders[.]

*Id.* at 727 (emphasis in original). *Powell* forecloses any argument that trial

counsel's alleged error in perfecting petitioner's direct appeal constituted "State

action." Accordingly, subsection (d)(1)(A), not (d)(1)(B), supplies the applicable

starting date for petitioner's claims.

## III.   Petitioner's "Due Process" Claim Is Not Timely Under § 2244(d)(1)(D).

22.    Petitioner's first claim — that the state trial court violated due process

by denying petitioner's postconviction petition without an evidentiary hearing[5] — is

---

[5]  Notwithstanding its "due process" label, petitioner's claim that the trial
court violated due process by denying his postconviction petition without an
evidentiary hearing is not cognizable on federal habeas review. No constitutional
provision or federal law entitled petitioner to *any* state collateral review, let alone
to an evidentiary hearing on his state collateral petition. *Pennsylvania v. Finley*,
481 U.S. 551, 557 (1987). In the end, this claim merely alleges a violation of state
law for which federal habeas relief is unavailable. *Estelle v. McGuire*, 502 U.S. 62,
67-68 (1991); *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996) (absent
alleged equal protection violation, federal habeas relief unavailable to remedy
errors during state postconviction proceedings); *cf. Jackson v. Duckworth*, 112 F.3d
878, 880 (7th Cir. 1997) ("if federal habeas corpus could remedy delays in a state
post-conviction proceeding, then a state prisoner would be entitled to release from
confinement . . . even though his state criminal trial and direct appeals were

not timely under § 2244(d)(1)(D).  *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6

(2005) (limitations period under § 2244(d)(1)(D) requires claim-by-claim

consideration).  Under that subsection, the limitations period begins running on

"the date on which the factual predicate of the claim . . . could have been discovered

through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Petitioner

appears to argue that subsection (d)(1)(D) applies because the alleged due process

violation did not occur until January 15, 2004, when the state trial court summarily

dismissed his postconviction petition without an evidentiary hearing.  (Doc. 2 at 4).

But any argument that the limitations period with respect to petitioner's due

process claim should run under subsection (d)(1)(D) would be without merit.

     23.    Petitioner's "due process" claim focuses on the state trial court's refusal

to advance his postconviction petition for further proceedings under the Illinois

Post-Conviction Hearing Act.  *Compare* 725 ILCS 5/122-2.1(a)(2) *with* 725 ILCS

5/122-2.1(b).  Yet the reason why his petition was not advanced for additional

proceedings — and thus "the factual predicate of the claim" — was petitioner's

inability to allege facts warranting further consideration of the claims (*i.e.*, trial

counsel's ineffectiveness and the involuntariness of petitioner's guilty plea) raised

in his postconviction petition.  But the facts supporting those claims — which were

insufficient as a matter of law to warrant further proceedings — were available to

petitioner as early as March and April of 2001 (when petitioner pled guilty and trial

---

constitutionally flawless").

counsel supposedly failed to file a notice of appeal).  Because the factual predicate of petitioner's "due process" claim was actually available to him before his conviction became final in 2002, subsection (d)(1)(A) supplies the applicable starting date for the "due process" claim.

## IV.   Petitioner Is Not Entitled To Equitable Tolling.

24.     Petitioner argues that equitable tolling should excuse his untimely filing because: (1) but for his attorney's alleged failure to perfect his direct appeal, AEDPA's "limitation would not have expired so early;" and (2) "[s]trict adherence to the one year limitation would effectively deny [petitioner] the opportunity to have [his claims] decided on the merits."  (*See* Doc. 2 at 5 (arguing that "strict application of the statute of limits would certainly be inequitable")).  These arguments should be rejected because no external impediment actually prevented petitioner from filing a timely habeas petition.

25.     In *Pace*, the Supreme Court assumed, without deciding, that a habeas petitioner could invoke equitable tolling if the petitioner established "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  544 U.S. at 418.  But neither the Supreme Court nor the Seventh Circuit has identified factual circumstances that justify equitable tolling of § 2244(d)(1)'s statute of limitations.  *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007) ("Equitable tolling is rarely granted"); *see also Johnson v. Chandler*, 224 F. App'x 515, 519 (7th Cir. 2007) ("we have yet to identify a factual circumstance so extraordinary that it warrants equitable tolling").

26.     Petitioner's argument that equitable tolling is warranted due to his attorney's failure to perfect his direct appeal is foreclosed by law.  "[A]ttorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client and thus is not a circumstance beyond a petitioner's control that might excuse an untimely petition." *Powell*, 415 F.3d at 727 (internal quotation marks and citation omitted); *accord Johnson v. McBride*, 381 F.3d 587, 589 (7th Cir. 2004) ("No one interfered with Johnson's ability to pursue collateral relief in a timely fashion.  He wants us to treat his own lawyer as the source of interference, but lawyers are agents.  Their acts (good and bad alike) are attributed to the clients they represent").

27.     Petitioner's further contention that "strict adherence" to the statute of limitations will inequitably preclude review of the merits of his claims should also be rejected.  Although petitioner will undoubtedly be prejudiced by application of § 2244(d)(1)'s limitations period, "[s]tatutes of limitations are not arbitrary obstacles to the vindication of just claims, and they should not be given grudging application." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452-53 (7th Cir. 1992). Petitioner's interest in obtaining a federal forum for his claims must be balanced against the State's interest in achieving finality of its criminal convictions, especially on federal habeas review.  *See Duncan v. Walker*, 533 U.S. 167, 179 (2001).  Despite having every opportunity to do so, petitioner failed to file his

habeas petition within the time period prescribed by Congress, and he is not entitled to equitable tolling.[6]

## CONCLUSION

This Court should dismiss petitioner's petition for writ of habeas corpus with prejudice because it is untimely.  If this Court determines that any of petitioner's claims are timely, respondent requests 30 days from the entry of the Court's order denying this motion to address the merits/and or procedural defaults of those claims.

February 15, 2008                                   Respectfully submitted,

                                                    LISA MADIGAN
                                                    Attorney General of Illinois

                                          By:       s/ Michael R. Blankenheim
                                                    MICHAEL R. BLANKENHEIM, Bar # 6289072
                                                    Assistant Attorney General
                                                    100 West Randolph St., 12th Floor
                                                    Chicago, Illinois 60601-3218
                                                    TELEPHONE: (312) 814-8826
                                                    FAX: (312) 814-2253
                                                    EMAIL: mblankenheim@atg.state.il.us

---

[6] The history of petitioner's state court proceedings, as well as the 364-day period between the conclusion of state postconviction proceedings and the filing of the instant habeas petition, amply demonstrate that petitioner was less than diligent in pursuing his rights.  *See* ¶¶2-9, *supra*.  On that basis alone, equitable tolling should be denied.  *Pace*, 544 U.S. at 418; *Jones*, 449 F.3d at 789 (equitable tolling is only available to those exercising "reasonable diligence").

-14-

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2008, I electronically filed respondent's **Motion To Dismiss Petition For Writ Of Habeas Corpus As Time-Barred** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, which will send a copy of the same to petitioner's attorney, Gerardo S. Gutierrez.

LISA MADIGAN
Attorney General of Illinois

By:    s/ Michael R. Blankenheim
MICHAEL R. BLANKENHEIM, Bar # 6289072
Assistant Attorney General
100 West Randolph St., 12th Floor
Chicago, Illinois 60601-3218
TELEPHONE: (312) 814-8826
FAX: (312) 814-2253
EMAIL: mblankenheim@atg.state.il.us