*MHN*

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. SHAWN WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 07 C 7238 |
| | ) | |
| ROGER E. WALKER, Director,<br>Illinois Department of Corrections, | ) | The Honorable |
| | ) | Samuel Der-Yeghiayan, |
| Respondent. | ) | Judge Presiding. |

*KC* **FILED**
FEB 15 2008
2-15-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## **TO THE CLERK OF THE UNITED STATES DISTRICT COURT**

The following Exhibits A through E to respondent's motion to dismiss, which was filed on February 15, 2008 in the above-captioned cause, are hereby filed with this Court:

Exhibit A:   Rule 23 Order, *People v. Williams*, No. 1-04-0771 (Ill.App. 1st Dist. Apr. 18, 2006);

Exhibit B:   Motion to Withdraw Guilty Plea, *People v. Williams*, No. 00 CR 2981;

Exhibit C:   Postconviction Petition, *People v. Williams*, No. 00 CR 2981;

Exhibit D:   PLA, *People v. Williams*, No. 102087; and

Exhibit E:   Order, *People v. Williams*, No. 102087 (Ill. 2006).

February 15, 2008

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By:

MICHAEL R. BLANKENHEIM, Bar # 6289072
Assistant Attorney General
100 West Randolph St., 12th Floor
Chicago, Illinois 60601-3218
TELEPHONE: (312) 814-8826
FAX: (312) 814-2253
EMAIL: mblankenheim@atg.state.il.us

NOTICE
The text of this order may be
changed or corrected prior to the
time for filing of a Petition for
Rehearing or the disposition of
the same.

SECOND DIVISION
APRIL 18, 2006

No. 1-04-0771

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the |
| ) | Circuit Court of |
| Plaintiff-Appellee, ) | Cook County. |
| ) | |
| v. ) | No.  00 CR 2981 |
| ) | |
| SHAWN WILLIAMS, ) | The Honorable |
| ) | Colleen McSweeney Moore, |
| Defendant-Appellant. ) | Judge Presiding |

O R D E R

The defendant, Shawn Williams, appeals from an order of the
trial court summarily dismissing his petition for relief under
the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq.
(West 2002)).  Specifically, the defendant argues (1) his
petition stated the gist of a constitutional claim that his
guilty plea was not knowing and voluntary where he received
ineffective assistance of trial counsel and (2) the trial court
erred in dismissing the petition based on waiver.  For the
reasons that follow, we affirm the judgment of the trial court.

In January 2000, the defendant was charged by indictment
with four counts of first-degree murder, one count of aggravated

1-04-0771

possession of a stolen motor vehicle, one count of vehicular
homicide, one count of possession of a stolen motor vehicle, one
count of burglary, and seven counts of aggravated battery.

On March 27, 2001, the defendant entered into a negotiated
plea agreement, which was negotiated in a Supreme Court Rule 402
conference. The defendant agreed to plead guilty to one count of
first-degree murder (720 ILCS 5/9-1(a)(1) (West 1998)) and one
count of aggravated battery (720 ILCS 5/12-4(a) (West 1998)). In
exchange, the defendant was sentenced to a prison term of 28
years for murder and a concurrent 5-year term for aggravated
battery. The State also agreed to dismiss the remaining counts.

The parties stipulated to the factual basis for the guilty
plea. If the case proceeded to trial, Edward Downy would testify
that on December 25, 1999, he parked his taxi cab at a gas
station on south Michigan Avenue in Chicago. He left the cab
running and the doors unlocked while he walked into the gas
station office to purchase gas. The defendant got into the taxi
and drove eastbound on 31st Street. Downey called 911 and
reported the stolen vehicle.

Police officers Tara Bell, James Woods, and Frye would
testify that they observed the defendant driving the taxi at a
high rate of speed and followed him. At the intersection of 47th
Street and Cottage Grove, the defendant drove through a red light
and struck a vehicle occupied by Timothy Patterson and Catherine
Willis. Willis died as a result of injuries sustained in the

2

1-04-0771

crash and Patterson sustained a broken leg.  After the collision,
the defendant lost control of the taxi and struck a pedestrian,
Adam Pettigrew.  Pettigrew sustained a broken leg and numerous
cuts and abrasions.

Following the defendant's guilty plea, the trial court
admonished him of his right to appeal and indicated that before
he could appeal, he was required to file a motion to withdraw his
guilty plea within 30 days.

On March 26, 2002, nearly a year after his guilty plea, the
defendant filed a pro se motion to withdraw his guilty plea and
vacate his sentence.  The defendant's sole contention was that
his attorney told him he could not prepare a defense for his
case.  The court denied the motion as untimely.

On October 27, 2003, the defendant filed a pro se post-
conviction petition.  The defendant alleged, inter alia, that he
was denied effective assistance of trial counsel because (1) his
attorney told him that there was no defense worthy of
consideration and did not consider a possible reckless homicide
defense and (2) his attorney failed to file a notice of appeal at
his request.  Specifically, the defendant alleged that his
attorney informed him "that the plea agreement for first degree
murder would insure that he would see his family again because
there was no defense worthy of consideration that could be
presented to a jury."  He also asserted:

"his fourteenth amendment right to due process and

3

1-04-0771

sixth amendment right to effective assistance of
counsel were denied him when appointed counsel:

> (a) encouraged a plea agreement that had no
> sufficient factual basis to support that
> plea;
>
> ***
>
> (c) encouraged acceptance of a plea agreement
> through the misrepresentation of facts and
> the law;
>
> (d) refused to consider a possible reckless
> homicide defense when facts and law supported
> that defense;
>
> (e) refused to file an appeal after
> petitioner's repeated request to do so;
>
>         * * *."

The trial court dismissed the petition as frivolous and
patently without merit.  Specifically, the court found that the
defendant waived his claims concerning his attorney's competence
because the claims were premised on the trial record.  Further,
the court found that the defendant failed to attach a letter in
which he informed his attorney of his desire to appeal and that
his petition was devoid of facts supporting his contentions and
"entirely conclusory."

In this appeal, the defendant argues that the trial court
erred in dismissing his postconviction petition because the

1-04-0771

petition stated the gist of a constitutional claim -- that as a result of his counsel's ineffective assistance, his guilty plea was not knowing and voluntary.  The defendant contends that his decision to plead guilty was based on his attorney's assertion that he had no defense worthy of consideration.  He argues that his attorney was ineffective for failing to consider or inform the defendant about a reckless homicide defense and for failing to file a timely notice of appeal.

The Act permits a defendant to challenge his conviction or sentence for violations of federal or state constitutional rights.  People v. McNeal, 194 Ill. 2d 135, 140, 742 N.E.2d 269 (2000).  An action for postconviction relief is collateral and not an appeal from an earlier judgment.  To be entitled to relief under the Act, "a defendant must demonstrate a substantial deprivation of federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged."  McNeal, 194 Ill. 2d at 140.  The scope of postconviction relief is limited by considerations of res judicata and waiver "'to constitutional matters which have not been, and could not have been, previously adjudicated.'"  McNeal, 194 Ill. 2d at 140, quoting People v. Winsett, 153 Ill. 2d 335, 346, 606 N.E.2d 1186 (1992).

A defendant is not entitled to an evidentiary hearing on his postconviction petition as a matter of right.  A trial court may summarily dismiss a defendant's petition in its first stage of

1-04-0771

review if the petition is frivolous and patently without merit.
725 ILCS 5/122-2.1(a)(2) (West 2002). A petition is frivolous
and without merit when the allegations, taken as true, fail to
present the gist of a meritorious constitutional claim. People
v. Collins, 202 Ill. 2d 59, 66, 782 N.E.2d 195 (2002). Although
this threshold is low, a defendant's allegations must be
supported by the record or accompanying affidavits. People v.
Coleman, 183 Ill. 2d 366, 381, 701 N.E.2d 1063 (1998). We review
a trial court's summary dismissal de novo. Coleman, 183 Ill. 2d
at 387-88.

    The State contends that the defendant's petition does not
meet the evidentiary requirements required by section 122-2 of
the Act and summary dismissal was appropriate. Section 122-2
requires that the petition "shall have attached thereto
affidavits, records, or other evidence supporting its allegations
or shall state why the same are not attached." 725 ILCS 5/122-2
(West 2002). The evidentiary requirements are mandatory and
courts will summarily dismiss petitions that fail to meet them.
Collins, 202 Ill. 2d at 66. "Nonfactual and nonspecific
assertions which merely amount to conclusions are not sufficient
to require a hearing under the Act." Coleman, 183 Ill. 2d at
381.

    The supreme court has recognized one narrow exception to
section 122-2. See Collins, 202 Ill. 2d at 68. In People v.
Williams, 47 Ill. 2d 1, 264 N.E.2d 697 (1970), the defendant

1-04-0771

filed a postconviction petition, alleging that his guilty plea
was not knowing and voluntary because his attorney misrepresented
the sentence he was to receive.  The defendant failed to attach
supporting documents and did not indicate why the documents were
missing.  The court held that although the defendant failed to
meet the evidentiary requirements, the petition contained facts
from which the court inferred that "the only affidavit that
petitioner could possibly have furnished, other than his own
sworn statement, would have been that of his attorney."
Williams, 47 Ill. 2d at 4.  The court recognized "[t]he
difficulty or impossibility of obtaining such an affidavit" and
reversed the trial court's summary dismissal of the defendant's
petition.  Williams, 47 Ill. 2d at 4.

     This case does not fall into the Williams exception because
the defendant not only failed to provide sufficient documentary
evidence, but he failed to allege facts from which this court
could infer that only his attorney's affidavit was necessary.  We
agree with the trial court that the defendant's petition was
devoid of facts to support his contentions and that his
allegations were conclusory.  See Collins, 202 Ill. 2d at 68
(where the defendant's petition "complies with neither the letter
nor the substance of section 122-1, as it lacks not only an
explanation for the absence of supporting evidence but also even
a single allegation from which such an explanation could
reasonably be inferred," it can be summarily dismissed).

1-04-0771

Even if the defendant's petition provided sufficient facts so that it fell within the Williams exception, it did not state the gist of a constitutional claim. The defendant cites People v. Belk, 326 Ill. App. 3d 290, 760 N.E.2d 118 (2001), aff'd 203 Ill. 2d 187, 784 N.E.2d 825 (2003), to support his argument that he received ineffective assistance of trial counsel. The defendant in Belk was charged with felony murder and aggravated possession of a stolen motor vehicle. Belk was intoxicated when he stole a van and while being pursued by police, he crashed into another vehicle, killing both occupants. Following a bench trial, a trial court found the defendant guilty of two counts of felony murder and one count of aggravated possession of a stolen vehicle. Belk, 203 Ill. 2d at 189. The appellate court reduced the defendant's conviction to reckless homicide, holding that because the defendant merely acted reckless and not intentionally, the offense of aggravated possession of a stolen vehicle was not a forcible felony for purposes of the felony-murder statute. Belk, 326 Ill. App. 3d at 295. The supreme court affirmed that decision, explaining "that under the facts of this case, aggravated possession of a stolen motor vehicle is not a forcible felony for purposes of the felony-murder statute because the evidence does not support an inference that Belk contemplated that the use of force or violence against an individual might be involved in attempting to elude police." Belk, 203 Ill. 2d at 197-98.

1-04-0771

The defendant contends that "<u>Belk</u> shows that under the facts of [the defendant]'s case, had he proceeded to trial, he would have been able to present a theory of recklessness to a jury and had the jury been instructed on such a theory. Moreover, the <u>Belk</u> Courts found no evidence of intent under facts almost identical to the facts in [his] case."

Although we agree that the facts in this case are similar to those in <u>Belk</u>, in this case, the defendant failed to make any factual allegations in his petition or point to any evidence in the record that showed that he was merely acting recklessly and not knowingly and intentionally when he crashed into the other vehicle. In <u>Belk</u>, the court specifically found that there was no evidence in the record that the defendant contemplated or was willing to use force or violence against an individual to make their escape. <u>Belk</u>, 203 Ill. 2d at 196. In this case, where the defendant provided no factual basis to support his assertion that he would have been entitled to a reckless homicide jury instruction, we cannot and will not assume that this evidence existed. Accordingly, an attorney is not ineffective for failing to inform a client about the possibility of a reckless homicide instruction where there were no facts to suggest that the client was acting recklessly and not intentionally.

In addition, <u>Belk</u> was a direct appeal that concerned felony murder and specifically addressed whether aggravated possession of a stolen motor vehicle could be considered a predicate felony

9

1-04-0771

for felony murder.  It did not concern or address other charges
of murder.  The supreme court explained:

> "In support of its argument that aggravated
> possession of a stolen motor vehicle should be
> considered a forcible felony under the circumstances of
> this case, the State cites People v. Stevens, 324 Ill.
> App. 3d 1084 (2001), and People v. Thomas, 266 Ill.
> App. 3d 914 (1994).  In those cases, the defendants
> were fleeing police in stolen motor vehicles when they
> were involved in accidents which resulted in the
> victims' deaths.  The defendants were convicted of
> first degree murder pursuant to section 9-1(a)(2) of
> the Code, which provides that a person commits first
> degree murder when he knows that his actions created a
> strong probability of death or great bodily harm.  720
> ILCS 5/9-1(a)(2) (West 2000).  The appellate court
> upheld the convictions in those cases, finding that a
> jury could have concluded from the evidence that the
> defendants knew that their actions created a strong
> probability of death or great bodily harm.  These cases
> are inapposite.  While a defendant's knowledge that his
> actions create a strong probability of death or great
> bodily harm is sufficient to support a conviction for
> first degree murder under section 9-1(a)(2) of the
> Code, a defendant's knowledge that his actions might

10

1-04-0771

> involve the threat or use of force or violence against
> an individual is not sufficient, under <u>Golson</u>, to make
> a felony a forcible felony under section 2-8."
> (Emphasis in original.) <u>Belk</u>, 203 Ill. 2d at 196-97.

Here, the defendant pleaded guilty to knowing and intentional
first-degree murder. As we explained above, the defendant's
petition provided no facts to support his claim that he was
merely reckless when he killed Willis. The defendant, therefore,
cannot state the gist of a constitutional claim that his attorney
was ineffective.

The defendant also contends that he was denied effective
assistance of counsel because his attorney failed to perfect his
appeal. In his petition, the defendant alleged that less than a
week after he entered into the plea agreement, he had second
thoughts about the plea and informed his attorney that he wanted
to appeal it; his attorney did not respond. In January 2002, the
defendant sent a letter to his attorney concerning his desire to
appeal, to which his attorney did not respond. The defendant
cites <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 145 L. Ed. 2d 985, 120
S. Ct. 1029 (2000), to support his argument that his attorney was
ineffective for failing to file a notice of appeal.

In <u>Flores-Ortega</u>, the defendant pleaded guilty to numerous
crimes in California. Following his plea, his attorney failed to
file a timely notice of appeal. After exhausting review
procedures in California, the defendant filed a federal <u>habeas</u>

11

1-04-0771

<u>corpus</u> petition, arguing he was denied effective assistance of
counsel because his attorney failed to file a notice of appeal
after he promised to do so.

Analyzing the defendant's claim under <u>Strickland</u>, the
Supreme Court explained that "a lawyer who disregards specific
instructions from the defendant to file a notice of appeal acts
in a manner that is professionally unreasonable." <u>Flores-Ortega</u>,
528 U.S. at 477, 145 L. Ed. 2d at 995, 120 S. Ct. at 1035.   On
the other hand, "a defendant who explicitly tells his attorney
<u>not</u> to file an appeal plainly cannot later complain that, by
following his instructions, his counsel performed deficiently."
(Emphasis in original.)  <u>Flores-Ortega</u>, 528 U.S. at 477; 145 L.
Ed. 2d at 995, 120 S. Ct. at 1035.   In that case, like this one,
the Court addressed whether counsel was deficient when the
defendant did not clearly convey his wishes one way or the other.

Concerning <u>Strickland</u>'s performance prong, the Supreme Court
rejected a bright-line rule that counsel must always consult a
defendant regarding an appeal.  <u>Flores-Ortega</u>, 528 U.S. at 480,
145 L. Ed. 2d at 996-97, 120 S. Ct. at 1036.   The Court instead
held that defense counsel has a constitutional duty to consult
with a defendant about an appeal when either (1) a rational
defendant would want to appeal, or (2) a defendant reasonably
demonstrates his interest in appealing.  In making this decision,
courts must take into account all the information counsel knew or
should have known.  "Even in cases when the defendant pleads

12

1-04-0771

guilty, the court must consider such factors as whether the
defendant received the sentence bargained for as part of the plea
and whether the plea expressly reserved or waived some or all
appeal rights.  Only by considering all relevant factors in a
given case can a court properly determine whether a rational
defendant would have desired an appeal or that the particular
defendant sufficiently demonstrated to counsel an interest in an
appeal." Flores-Ortega, 528 U.S. at 480, 145 L. Ed. 2d at 997,
120 S. Ct. at 1036.  Based on the limited record, the Court could
not determine whether the defendant conveyed his wishes to his
attorney concerning his interest in appealing.

Concerning Strickland's prejudice prong, the Supreme Court
held that because counsel's alleged deficient performance
deprived the defendant of participation in the appellate process,
prejudice was presumed.  Flores-Ortega, 528 U.S. at 483, 145 L.
Ed. 2d at 998, 120 S. Ct. at 1038.  Although prejudice was
presumed, the defendant still had to show counsel's deficient
performance "actually cause[d] the forfeiture of the defendant's
appeal.  If the defendant cannot demonstrate that, but for
counsel's deficient performance, he would have appealed,
counsel's deficient performance has not deprived him of anything,
and he is not entitled to relief." Flores-Ortega, 528 U.S. at
484, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038.  Therefore, to
show prejudice, "a defendant must demonstrate that there is a
reasonable probability that, but for counsel's deficient failure

13

1-04-0771

to consult with him about an appeal, he would have timely appealed." Flores-Ortega, 528 U.S. at 484, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038.

The Illinois supreme court adopted and followed that holding in People v. Edwards, 197 Ill. 2d 239, 757 N.E.2d 442 (2001). In that case, the defendant filed a pro se petition for postconviction relief, arguing that following his guilty plea, his attorney refused his request to file an appeal and became "totally unavailable in regard to the case." Edwards, 197 Ill. 2d at 240-41. The circuit court dismissed the defendant's petition as frivolous and patently without merit, finding that the defendant could not establish prejudice because he did not provide grounds for the withdrawal of his guilty plea. The appellate court affirmed. Following Flores-Ortega, the supreme court reversed, explaining that "Flores-Ortega [] establishes that a pro se defendant, even if he pled guilty, cannot be required to demonstrate how his appeal would have been successful in order to establish that he was prejudiced by his attorney's failure to pursue a requested appeal." (Emphasis in original.) Edwards, 197 Ill. 2d at 253.

Edwards, however, does not apply where the evidentiary requirements of section 2-122 are not met. See Collins, 202 Ill. 2d at 69 ("The issue in Edwards was whether the factual allegations set forth in the defendant's post-conviction petition stated the gist of a meritorious claim of ineffective assistance

14

1-04-0771

of counsel.   In analyzing that question, this court had neither

reason nor occasion to assess the sufficiency of the petition's

supporting documentation.   In fact, the opinion in Edwards does

not even describe what, if any, supporting evidence was attached

to the petition").   Because the defendant did not comply with

section 122-2, we affirm the trial court's summary dismissal of

his postconviction petition.

　　　Based on our disposition, we need not address the

defendant's waiver argument.

　　　For the reasons stated, we affirm the judgment of the trial

court.

　　　Affirmed.

　　　GARCIA, P.J., with SOUTH and HALL, JJ., concurring.

15

Gina Demitro
**FILED**

MAR 2 6 2002

DOROTHY BROWN
CLERK OF CIRCUIT COURT

## WITHDRAWAL OF GUILTY PLEA

### INSTRUCTIONS

See Illinois S. Ct. Rule 604(d)

1. You have 30 days from date of sentencing to file a motion to withdraw your guilty plea and vacate the judgment.

2. Mail petition to the Circuit Clerk of the county in which you were sentenced. Also send a copy to the States Attorney's Office.

3. If the petition is based on facts not in the court record (not said in open court), your petition must be supported by an affidavit setting out (those) additional facts.

If the court allows you to withdraw your guilty plea, it will be as if it never happened and you will be scheduled for trial.

If your motion to withdraw the guilty plea is denied and you wish to appeal, you must file a notice of appeal within thirty days of the denial.

### GROUNDS

(Section #2 on Petition)

You must have a reason based upon a violation of your rights in order to withdraw a guilty plea (you can't just change your mind). Available violations include:

Plea was made involuntarily.
Plea was the result of coercion (force or threats).
You were not admonished (advised) as to the rights you were surrendering in pleading guilty.
You had inadequate representation by counsel.
There was no factual basis to support plea. (Facts of the case didn't support your guilt.)
You were not mentally competent to enter a plea.

After determining the violation that applies to your case, explain **what happened as briefly as possible without omitting any important facts.**

I Shawn C Williams was told by Counsel Mr. Robert Struck that he Could Not prepare a _Defence_ for My Case.

form revised 11/1/01

8.

EXHIBIT B

IN THE CIRCUIT COURT OF ___COOK___ COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
                  **Plaintiff,** )
                  )
          **vs.** ) Case No. _00CR029810\_
    Shawn C Williams )
            **Defendant.** )

## PETITION TO WITHDRAW GUILTY PLEA AND VACATE SENTENCE

      COMES NOW the petitioner, ___Shawn C Williams___, pro se, pursuant Illinois Supreme Court Rule 604(d) and moves to withdraw his/her guilty plea and vacate the sentence entered as a result of that plea.

      In support of his/her petition to withdraw his/her guilty plea and vacate his/her sentence, petitioner states as follows:

        1. Petitioner is presently incarcerated in the __Statville.C.C__ __Joliet___, Illinois _60434_.

        2.

      WHEREFORE, petitioner __Shawn Williams___, respectfully requests that his/her plea of guilty be withdrawn and his/her sentence entered as a result of that plea be vacated. Petitioner further prays he/she be brought back to __COOK__ County to stand trial.

                       _Shawn Williams___
                       Petitioner, pro se

STATE OF ILLINOIS    )
COUNTY OF    )
    )

## AFFIDAVIT

_Shawn C Williams_, deposes and says that as to the matters herein, he/she is the defendant in the above-entitled cause; that the defendant has read the foregoing document, by him/her signed, and the statements contained therein are true in substance and in fact.

_Shawn Williams_
**Petitioner, pro se**

Signed before me this _21st_ day of _March_, 200_2_.

```
"OFFICIAL SEAL"
Jill E. Hosselton
Notary Public, State of Illinois
My Commission Expires 3/29/05
```

_Jill C Hmith_
**Notary Public**

## PROOF OF SERVICE

I, _Shawn C Williams_, state that I served a copy of the document to which this affidavit is attached upon each party, or, if represented by counsel, upon the attorney of record for said party(ies) by enclosing the same in a sealed envelope plainly addressed as is disclosed by the pleadings of record herein and by depositing each of such envelopes in the box designated for United States mail at _Stateville_ Correctional Center, _Joliet_, Illinois, together with the appropriate request to the prison official responsible to affix fully prepaid postage thereon, on this _20_ day of _March_, 20 _02_

_Shawn Williams_
Signature

## VERIFICATION

I, _Shawn Williams_, the undersigned, certify and state that:

1. I am the (Petitioner/Respondent) in the above captioned legal matter.

2. I have read the foregoing application and have knowledge of its contents;

and

3. Under penalties as provided by law pursuant to sec. 1-109 of the Code of Civil Procedure, I certify that the statements set forth in the foregoing motion and this affidavit are true and correct except as to matters therein stated to be on information and belief, and as to such matters I certify that I believe the same to be true.

_Shawn Williams_
(Your signature)

Form revised 11/1/01

6.



**FILED**

OCT 2 7 2003

IN THE
CIRCUIT COURT OF COOK COUNTY
COOK COUNTY, ILLINOIS

| | |
|---|---|
| SHAWN WILLIAMS, ) | |
| Petitioner, ) | |
| ) | Case No. __00CR0298101__ |
| v. ) | |
| ) | The Honorable |
| ) | Colleen McSweeney Moore |
| PEOPLE OF THE STATE ) | Judge Presiding |
| OF ILLINOIS, ) | |
| Defendants. ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ATTACHED PETITION FOR
POST-CONVICTION RELIEF

NOW COMES Shawn Williams, petitioner in pro se, in the above entitled cause pursuant to Article 122-1 of the Post-conviction Hearing Act,(725 ILCS 5/122-1), of the Code of Criminal Procedure of 1963, and petitions this Honorable Court by a Memorandum of Points and Authorities in support of the attached Petition for Post Conviction Relief by stating the following:

I

PETITIONER WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT
RIGHT UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I,
SECTIONS 2 & 8 OF THE ILLINOIS CONSTITUTION OF 1970, TO
EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS

STANDARD FOR REVIEW

People v. Belk, 326 Ill.App.3d 290,
260 Ill.Dec. 39, 760 N.E.2d 118 (2001).

EXHIBIT C

To prevail in a ineffective assistance of counsel claim, a defendant must prove that his counsel made errors so serious, and counsel's performance was so deficient, that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  The Sixth Amendment in part, provides,

> "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."

The Sixth Amendment right to defense counsel in felony prosecutions is a fundamental right, binding on the States through the Fourteenth Amendment.. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

Many of the cases describing the parameters of the right to counsel focus on the criminal trial, which has been called the "Main event" in the adjudication of guuilt or innocence. cf. McFarland v. Scott, 512 U.S. 849, 859-60, 114 S.Ct. 2568, 2574, 129 L.Ed.2d 666 (1994).  Nonetheless, the right to counsel is not limited to the trial itself.

A defendant has the constituional right to the assistance of counsel at every "critical stage" of the proceedings against him, or whenever his "substantial rights . . . may be affected." Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254, 257, 19 L.Ed.2d 336 (1967).

The Supreme Court has held that a plea hearing is a critical stage of the prosecution, at which the right to counsel is constitutionally guaranteed.  See Hamilton v. Alabama, 368 U.S. 52, 54, 82 S.Ct. 157, 158-59, 7 L.Ed.2d 114 (1961); White v. Maryland, 373 U.S.

-2-

3

59, 60, 83 S.Ct. 1050, 1051, 10 L.Ed.2d 193 (1963).  A defendant
thus is constitutionally entitled to the active assistance of coun-
sel at a plea hearing in a State felony prosecution.

To be sure, "The constitution's guarantee of assistance of
counsel cannot be satisfied by mere formal appointment." Avery v.
Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed.2d 377 (1940)
As the Supreme Court has stated:

> 'That a person who happens to be a lawyer is
> present at trial alongside the accused . . .
> is not enough to satisfy the constitutional
> command.  The Sixth Amendment recognizes the
> right to the assistance of counsel because it
> envisions counsel's playing a role that is
> critical to the ability of the adversarial
> system to produce just results.'

In sum, the right to the assistance of counsel for one's
defense - at a plea hearing, as at any critical stage - encompasses
the right to have an advocate for one's cause.

Petitioner avers that after pleading not guilty to the fifteen
(15) count Indictment against him, Robert Struck, Attorney of record
and who on his own initiative, developed, promoted and refused to
consider anything other than a plea of guilty, forced petitioner
through his unwillingness to consider a negligent or reckless homi-
cide defense, to consider and ultimately accept a guilty plea of
First degree felony murder.  This failure to consider any kind of
defense, resulted in the involuntary acceptance of a guilty plea
petitioner initially thought and continues to feel, could have
resulted in a lessor charge and sentence.  An accused has the right
to present a defense, present witnesses to establish a defense and

present his version of the facts to the jury. <u>Washington v. Texas</u>, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 LEd.2d 1019 (1967); <u>Hamlin v. United States</u>, 418 U.S. 87, 125, 94 S.Ct. 2887, 41 L.Ed.2d 590.

Petitioner has always believed that the prosecution could not have proven guilt beyond a reasonable doubt regarding the offenses of First degree felony murder, Aggaravated possession of a stolen motor vehicle, first degree murder predicated on aggravated posses- sion of a stolen motor vehicle, first degree murder based on forci- ble felony or vehicular Hijacking, and his initial plea of not guilty was premised on this belief.

Attorney Struck, without giving petitioner's not guilty plea any consideration or validity, told petitioner that there was no defense available worthy of consideration that could be presented to a juryvand that a plea agreement for first degree ~~felony~~ murder would insure that petitioner saw his family again.

It would be approximately Eight (8) months after petitioner reluctantly accepted a guilty plea for first degree ~~felony~~ murder that the Appellate Court, Third Division, decided <u>People v. Belk</u>, 326 Ill.App.3d 290, 260 Ill.Dec. 39, 760 N.E.2d 118 (2001), and several more months before petitioner fully understood that he was correct in pleading not guilty to the charges leveled against him after reading Belk.

Defendant Belk had been charged with and convicted of two (2) counts of felony murder predicated on the offenses of Burglary and Aggravated possession of a stolen motor vehicle and sentenced to

5

natural life. Belk appealed his conviction on the sole issue of whether aggravated possession of a stolen motor vehicle may serve as a predicate offense for felony murder. Defendant Belk argued on appeal that aggravated possession of a stolen motor vehicle is not an enumerated forcible felony under the felony murder Statute or a forcible felony threatening violence against individuals, and that therefore, given his level of intoxication and the reckless manner in which he operated the stolen van, his conviction should be reduced to reckless homicide. 326 Ill.App.3d at 292.

The Appellate Court agreed with Belk's argument stating that:

> "In the case at bar, the evidence is undisputed that defendant was attempting to escape in a stolen motor vehicle when he observed officer Kincade's squad car. It is undisputed that he was legally intoxicated. It is also undisputed that during that escape and prior to the collision which killed the victims, he was operating that vehicle at an excessive rate of speed. . . However, the law in this State mandates that we must determine from the facts of a particular case whether it was contemplated by defendant that violence might be necessary to enable him and his companion to steal the vehicle and escape arrest. For example, if the evidence showed that defendant deliberately rammed his car into that of the victims or any individual who was in the direct path of the vehicle, there would be no question that the predicate felony, i.e., aggravated possession of a stolen motor vehicle, involved violence or the use of physical force against any individual . . .
> In the case at bar, however, the evidence does not support an inference that defendant contemplated violence or acted intentionally when his vehicle struck that of the victims. The evidence does not support the inference that it was defendant's intent to kill or cause great bodily injury to anyone who got in his way. The circumstance of the accident appears to have been just that, an accident, albeit a very tragic one. We are hard-pressed to say that the facts of this case presents a situation where the

perpetrators formulated a plan to kill anyone and everyone who got in their way in the event they had to escape. The evidence is clear that defendant was determined to elude capture but not that he intended to kill anyone during the course of that chase. 326 Ill. App.3d at 295.

The Court went on to say:

In reviewing the sufficiency of the evidence to sustain a verdict on appeal, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (citations omitted). Applying this standard we find that the evidence presented at trial, considered in the light most favorable to the prosecution, shows that defendant acted recklessly prior to and at the time of the fatal collision, and that his actions do not come within the purview of the felony murder Statute. Therefore, we reduce defendant's conviction of first degree murder to reckless homicide and remand to the Circuit for resentencing. 326 Ill.App.3d at 295-96.

Petitioner here contends that had counsel not coerced and intimidated him into accepting a plea agreement, State, having charged petitioner with the exact same first degree felony murder charge predicated on aggravated possession of a stolen motor vehicle, would have had to prove petitioner also formulated a plan to kill or cause great bodily injury to anyone and everyone who got in his way during his attempt to elude capture.

Petitioner further contends that because the evidence in his case would have shown that petitioner stole a cab that was unoccupied and already running with the keys in the ignition, he did in fact have a viable defense to present to a jury. That because it was simply his intent to steal the cab, his only motive at that point was to elude capture when the police took up pursuit . . . another

viable defense, and because the accident that occurred was unavoida-
ble due to the excessive speed at which the vehicle was driven,
would have been still another viable defense.  Therefore, Attorney
Struck, at the very least, should have considered petitioner's wish
to plead not guilty and considered some kind of defense or stategy,
regarding the offenses charged, whether he agreed with petitioner
or not.

The Supreme Court recognized in United States v. Cronic, 466 U.
S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657, the right to "require the
prosecution's case to survive the crucible of meaningful adversarial
testing" and stated that "even when no theory of defense is availa-
ble, if the decision to stand trial has been made, counsel must hold
the prosecution to it's heavy burden of proof beyond a reasonable
doubt." 466 U.S. at 656, n. 19, 104 S.Ct. at 2045 n. 19, 80 L.Ed.2d
at 666 n. 19.

Attorney Struck dodged this responsibility when he adamantly
refused to represent petitioner's plea of not guilty; adamantly ins-
sisted that no defense existed worthy of consideration, while con-
tinuing to interject the notion that other than a guilty plea,
petitioner would not see his family again; adamantly insisted that
fact and law was against petitioner and failed to file an Appeal of
the plea agreement when asked to do so.  The non-performance and
total abandonment of any kind of a defense at a critical stage of
the criminal proceedings is a constructive denial of the guiding
hand of counsel. Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 64,

77 L.Ed.2d 158 (1932); cited in <u>Cronic</u>, 466 U.S. at 660-61, 104 S.
Ct. at 2047-48, 80 L.Ed.2d at 668).  This brand of Sixth Amendment
violation has occurred in cases involving the absence of counsel
from the Courtroom; conflicts of interest between defense counsel
and the defendant and official interference with the defense.(See
<u>Cronic</u>, 466 U.S. at 659, nn. 25 & 31, 104 S.Ct. at 2047, nn. 25 & 31
31).

Petitioner contends that at least two (2) of these Sixth Amend-
ment violations,( a conflict of interest between defense counsel and
the defendant and official interference with the defense), occurred
in the instant case.  The conflict of interest between defense coun-
sel and the defendant occurred when defense counsel refused to consi-
der any kind of suggestion from defendant concerning a possible
defense and continually sought only to end the proceedings through
the pleading of petitioner's guilt. (See <u>U.S. v. Taylor</u>, 139 F.3d
924 (D.C. Cir. 1998)(Conflict of interest because counsel's personal
interest in having defendant plead guilty prevented defendant from
being advised of all possible defenses available, 139 F.3d at 933-34
), and an official interference occurred with the defense when
defense counsel continually insisted that no defense existed in the
first place.(See <u>U.S. v. Longoria</u>, 113 F.3d 975 (9th Cir. 1997)(Inas-
much as a guilty plea is admission of all elements of formal crimi.
nal charge, it cannot be truely voluntary unless defendant possesses
understanding of the law in relation to the facts.113 F.3d at        )
Because the Third Division Appellate Court found that first

degree felony murder predicated on aggravated possession of a stolen motor vehicle cannot be sustained without proving the element of intent, Attorney Struck interferred with the defense by failing or refusing to inform petitioner of the law and a possible defense in relation to the facts at his disposal. These State and Federal violations, (Sections 2 and 8 of Article I, of the Illinois Constitution of 1970 and the Sixth and Fourteenth Amendments to the United States Constitution), along with the other allegations of failure to file an appeal when asked to do so and encouraging acceptance of a plea agreement by coercion and misrepresentation of facts and law, denied to petitioner his Constitutionally protected right of effective assistance of counsel.

It is here respectfully submitted that this Petition for Post-Conviction Relief, supported by Memorandum of Points and Authorities exhibits and affidavits and annexed hereto and made part hereof, can and should be granted by this Honorable Court,

WHEREFORE, petitioner prays that this Petition for Post-Conviction Relief be granted and that:

(1). that petitioner's current conviction and sentence be vacated;

(2). that petitioner be brought before this Honorable Court and granted a new trial, and/or

(3). for any other relief this Court deems fair and just.

SUBSCRIBED and SWORN to before me     Respectfully submitted

this 22 day of Oct ,20 03     Shawn Williams
                                              Shawn Williams #B-12524

Joann M. Dombrow
              Notary Public

"OFFICIAL SEAL"
Joann M. Dombrow
Notary Public, State of Illinois
My Commission Exp. 01/08/2007

10

Page 8

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Grand Jurors chosen, selected, and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about December 25, 1999 at and within the County of Cook

SHAWN WILLIAMS

committed the offense of    BURGLARY

in that HE, WITHOUT AUTHORITY, KNOWINGLY ENTERED INTO A MOTOR VEHICLE,

TO WIT: 1996 CHEVROLET CAPRICE, PROPERTY OF KING DRIVE CAB

CORPORATION, WITH INTENT TO COMMIT THE OFFENSE OF THEFT THEREIN,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 19-1

OF THE ILLINOIS COMPILED STATUTES 1992, AS AMENDED AND,

contrary to the Statue and against the peace and dignity of the same People of the State of Illinois.

Charge ID Code: 1110000

*There was no evidence to prove the burglary through the victims own admission that he left the taxi running and door unlocked.*

0000009.1093

2000

Page 4

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Grand Jurors chosen, selected, and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about December 25, 1999 at and within the County of Cook

SHAWN WILLIAMS

COMMITTED THE OFFENSE OF    FIRST DEGREE MURDER

in that HE, WITHOUT LAWFUL JUSTIFICATION WHILE DRIVING A MOTOR VEHICLE

STRUCK A MOTOR VEHICLE IN WHICH KATHERINE WILLIS WAS A PASSENGER

AND KILLED KATHERINE WILLIS DURING THE COMMISSION OF A FORCIBLE

FELONY, TO WIT: BURGLARY

IN VIOLATION OF CHAPTER 720, ACT 5, SECTION 9-1-A(3)

OF THE ILLINOIS COMPILED STATUTES 1992, AS AMENDED, AND

contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois.

CHARGE ID CODE:  735200

In regards to the case you sent me, he had a co-defendant who stated "that the defendant said he was not going back to jail under no circumstances. He also threatened lives by driving in a reckless manner - driving over sidewalks and on the wrong side of the road. I only received 3 traffic tickets, i.e., driving without a license, speeding, and running a red light. Beyond that there was no reckless intent. (I was not charged with reckless driving - a traffic offense)

0000009.1089

2000

12

** INFORMATION INDICTMENT RETURN SHEET **

| SE NO. | IR | DEFENDANT | NO. | ARRAIGNMENT DATE |
|---|---|---|---|---|

CR-2981    926126        SHAWN WILLIAMS        1        YC
                                                    02/09/2000
- 590     FBI-040135MA9    Sex: M  Race: B  DOB: 07/12/1971
          ISB-29397470    Add: 7440 S. Jeffrey
          CB-14369275         Chicago, IL 60649        00-1173808
          RD/AR: D795347   Arrest Agy: C P D Area 1
                           Arrest Date: 12/25/1999
          Hgt: 5'10"    Wgt: 160    Hair: BLK    Eyes: BRO
          DIRECT INDICTMENT                01/19/2000
          ASA: Catherine Quinlan,        Unit: Branch 66
          Chg:  1  Murder/Intent To Kill/Injure
                   720-5\9-1(A)(1)        0000735000 Class: M
          Chg:  2  Murder/Strong Prob Kill/Injure
                   720-5\9-1(A)(2)        0000735100 Class: M
          Chg:  3  Murder/Other Forcible Felony
                   720-5\9-1(A)(3)        0000735200 Class: M
          Chg:  4  Murder/Other Forcible Felony
                   720-5\9-1(A)(3)        0000735200 Class: M
          Chg:  5  Aggravated Psmv
                   625-5\4-103.2(7)(A)    0005713300 Class: 1
          Chg:  6  Vehicular Hijacking/Force
                   720-5\18-3(A)          0000010063 Class: 1
          Chg:  7  Receive-Poss/Sell Stolen Veh
                   625-5\4-103(A)(1)      0005710001 Class: 2
          Chg:  8  Burglary
                   720-5\19-1             0001110000 Class: 2
          Chg:  9  Agg Battery/Great Bodily Harm
                   720-5\12-4(A)          0000935000 Class: 3
          Chg: 10  Agg Battery/Weapon/No Firearm
                   720-5\12-4(B)(1)       0000935100 Class: 3
          Chg: 11  Agg Battery/Public Place
                   720-5\12-4(B)(8)       0000935800 Class: 3
          Chg: 12  Agg Battery/Great Bodily Harm
                   720-5\12-4(A)          0000935000 Class: 3
          Chg: 13  Agg Battery/Weapon/No Firearm
                   720-5\12-4(B)(1)       0000935100 Class: 3
          Chg: 14  Agg Battery/Public Place
                   720-5\12-4(B)(8)       0000935800 Class: 3
          Chg: 15  Agg Battery/Great Bodily Harm
                   720-5\12-4(A)          0000935000 Class: 3

*There is no evidence to support any of the highlighted Indictment Counts.*

*As to Count 2, they would have to prove that I knew that my actions would kill someone.*

FILED
00 JAN 26 PM 3: 57
CLERK OF CIRCUIT COURT
CRIMINAL DIVISION
AURELIA PUCINSKI    CLERK

13

Page 6

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Grand Jurors chosen, selected, and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about December 25, 1999 at and within the County of Cook

### SHAWN WILLIAMS

committed the offense of    VEHICULAR HIJACKING

in that HE, TOOK A MOTOR VEHICLE, TO WIT: A 1996 CHEVROLET CAPRICE, FROM

THE PERSON OR IMMEDIATE PRESENCE OF EDWARD DOWNEY, BY THE USE OF

FORCE OR BY THREATENING THE IMMINENT USE OF FORCE,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 18-3(A)

OF THE ILLINOIS COMPILED STATUTES 1992, AS AMENDED AND,

contrary to the Statue and against the peace and dignity of the same People of the State of Illinois.

Charge ID Code: 10063

*After reviewing the evidence at hand, there was no evidence to support Vehicle Hijacking as a forceable felony to charge me with First Degree Murder in the Indictment, hence showing that the Public Defender did not investigate the evidence or review the indictment. There is evidence to support the ELEMENTs defined to mit the offense of Vehicle Hijacking. He (the P.D.) insisted that I plead out.*

0000009.1091

2000

14

STATE OF ILLINOIS )
                 ) ss:
  COUNTY OF WILL    )

## A F F I D A V I T

Shawn Williams, Petitioner, being first duly sworn on oath, deposes and states that he has read the foregoing Petition for Post Conviction Relief and the attached documents in support of that Petition and that he knows the same to be true in substance and in fact.

_____
Shawn Williams #B-12524

SUBSCRIBED and SWORN to before me

this 22 day of _____Oct._____ , 20 03

_____
Notary Public

"OFFICIAL SEAL"
Joann M. Dombrow
Notary Public, State of Illinois
My Commission Exp. 01/08/2007

15

**1 0 2 8 0 7**

NO. _____

IN THE SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| People State of Illinois, | ) | Appellate Court, |
| | ) | First District |
| Respondent | ) | No.   1-04-0771 |
| | ) | |
| v. | ) | Circuit Court, |
| | ) | Cook County |
| | ) | No.   00 CR 2981 |
| Shawn Williams, | ) | |
| | ) | |
| Petitioner | ) | Hon. Colleen McSweeney Moore, |
| | ) | Judge Presiding. |

PETITION FOR LEAVE TO APPEAL

**FILED**

JUN 8 - 2006

**SUPREME COURT CLERK**

R - 041806
No RH

Shawn Williams
Reg. No. B-12524
Menard Correctional Center
P. O. Box 711
Menard, Illinois  62259

EXHIBIT D

IN THE

SUPREME COURT OF THE STATE OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Petition fpr Leave to appeal from the Appellate Court,First Judicial District. |
| Plaintiff-Appellee, | ) | |
| -vs- | ) | |
| Shawn Williams | ) | No.00CR2981 |
| Defendant-Appellant,Petitioner. | ) | |

PETITION FOR LEAVE TO APPEAL

TO THE HONORABLE JUSTICES OF THE SUPREME COURT OF THE STATE
OF ILLINOIS:

May It Please The Court:

I. Your Petitioner, Shawn Williams, Pro Se, respectfully petitions
this Honorable Court for leave to appeal pursuant to Supreme
Court Rule 315, from the judgement of the Appellate Court of
Ilinois,First Judicial District, which affirmed the judgement
of conviction entered by the Circuit Court of Cook County,
Illinois upon the guilty plea of First-Degree Murder and Agg.
Battery .

2. On 3-26-01 Petitioner was found guilty (guilty plea)of First
Degree Murder and Agg. Battery. Petitioner was subsequently
sentenced to 28 years. Petitioner appealed this conviction to
the Illinois Appellate Court, First District. On 4-18-06 the
court dilivered its opinion in said appeal, affirming the
judgement of conviction and sentence. No petition for rehearing
for filed. A letter of intent was filed 5-06-06.

### 3.
### Point relied upon for reversal

That petitioner received ineffective assistance of trial counsel
by being misled into a plea agreement which had no factual
basis for conviction of First Degree Murder.

### 4.
### Statement of facts

That on March 26, 2001, the petitioner was sentenced to 28 year
term of imprisonment for First Degree Murder and one count of
Agg. Battery for which petitioner received a five year sentence.
Petitioner argues his petition stated the gist of a constitutional
claim and that petitioners guilty plea was not knowing and volun-
tary and. Petitioner filed a pro se motion to withdraw guilty plea
and vacate the sentence which was denied as untimely. On October
27, 2003, petitioner filed a pro se Post-Conviction.
1) Petitioner stated a claim of ineffective assistance of trial
counsel.
2) Petitioner also stated a claim that attorney failed to file
a notice of appeal at petitioners request.
3) Petitioners 14th amendment right to due process and 6th
amendment right to effective assistance of counsel.
A) Encouraged a plea agreement that had no sufficient factual
basis to support that plea.
B) Encouraged acceptance of a plea agreement through the mis-
representation of facts and the law.
C) refsed to file an appeal after petitioner repeatedly request
counsel to do so.
D) Refused to consider a possible reckless homicide defense
when facts and law supported that defense.
Petitioner contends that his decision to plead guilty was based
solely on his attorneys assertion that he had no defense worthy
of consideration.

## Arguement

Petitioner relies on People v. Belk, 203Ill.2d187,784 N.E.2d825, (2003)First Dist.. Petitioner does not argue that based on the holding in Belk, his conviction should be reduced to reckless homicide rather Petitioner argues that Belk supports his contention that he did have a viable reckless homicide defense and that counsel was ineffective for refusing to consider the defense and for advising petitioner to plead guilty to first degree murder when the evidence presented at trial could support a lesser offense of reckless homicide.

The appellate court agree with petitioner that the facts in Belk are similar to the facts in the case at hand. The appellate court claims that petitioner failed to point out any evidence in the record that showed petitioner was acting recklessly at the time of the crime however there is no evidence that supports petitioner acted intentionally when the accident occured. In addition there is evidence on the record that supports this was not intentional and for that petitioner prays this court grant leave to appeal.

Wherefore, petitioner respectfully request this Honorable Court to grant his petition for leave to appeal and reverse his conviction.

Respectfully Submitted,

Shawn Williams B12524

### AFFIDAVIT

Under penalties of perjury as provided by law pursuant to § 1-109 of the Codeof Civil Procedure, the undersigned certifies that the statements set forth in this instument are true and correct. The undersigned certifies as aforesaid, that he believes thesame to be true.

Shawn Williams
Shawn Williams Pro-Se

STATE OF ILLINOIS
SUPREME COURT


At a Term of the Supreme Court, begun and held in Springfield, on Monday, the eleventh day of September, 2006.

Present: Robert R. Thomas, Chief Justice
Justice Charles E. Freeman        Justice Thomas R. Fitzgerald
Justice Thomas L. Kilbride        Justice Rita B. Garman
Justice Lloyd A. Karmeier         Justice Anne M. Burke

---

On the twenty-seventh day of September, 2006, the Supreme Court entered the following judgment:

No. 102807

People State of Illinois,

    Respondent

    v.

Shawn Williams,

    Petitioner

Petition for Leave
to Appeal from
Appellate Court
First District
1-04-0771
00CR2981

The Court having considered the Petition for leave to appeal and being fully advised of the premises, the Petition for leave to appeal is DENIED.

As Clerk of the Supreme Court of the State of Illinois and keeper of the records, files and Seal thereof, I certify that the foregoing is a true copy of the final order entered in this case.

IN WITNESS WHEREOF, I have hereunto
subscribed my name and affixed the Seal
of said Court, this second day
of November, 2006.

*Juleann Hornyak*

                     Clerk,
Supreme Court of the State of Illinois

102807

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

September 27, 2006

Hon. Lisa Madigan
Attorney General, Criminal Appeals Div.
100 West Randolph St., 12th Floor
Chicago, IL 60601

No. 102807 - People State of Illinois, respondent, v. Shawn
Williams, petitioner. Leave to appeal, Appellate
Court, First District.

The Supreme Court today DENIED the petition for leave to
appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court
on November 2, 2006.

EXHIBIT E