IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. SHAWN WILLIAMS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 07 C 7238 |
| ROGER E. WALKER,[1] Director,<br>Illinois Department of Corrections, | ) ) ) | The Honorable<br>Samuel Der-Yeghiayan, |
| Respondent. | ) | Judge Presiding. |

**REPLY IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS**

Pursuant to this Court's January 22, 2008 order (Doc. 13), respondent ROGER E. WALKER submits his reply in support of his motion to dismiss the instant petition for writ of habeas corpus with prejudice because it is untimely.

**I.    The Entire Application Is Untimely Under § 2244(d)(1)(A), And Claim One Is Also Untimely Under § 2244(d)(1)(D).**

1.    For the reasons stated in respondent's motion to dismiss (Doc. 14 at 5-7), petitioner's habeas petition should be dismissed because, even assuming that petitioner's state postconviction petition tolled the statute of limitations, the instant federal petition was filed at least two-and-a-half years after § 2244(d)(1)(A)'s limitations period expired.

---

[1]    Don Hulick, warden at the Menard Correctional Center, is the proper respondent in this matter and should be substituted for Roger E. Walker.  *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d)(1); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Bridges v. Chambers*, 425 F.3d 1048, 1049-50 (7th Cir. 2005).

2.      Also for the reasons stated in respondent's motion to dismiss, petitioner's "due process" claim is untimely under either subsection (d)(1)(A) or (d)(1)(D). (Doc. 14 at 10-12). However, if this Court finds that petitioner's "due process" claim is timely under (d)(1)(D), the remainder of petitioner's claims should be dismissed as untimely. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 & n.6 (2005) (subsection (d)(1)(D) applies not to application as a whole, but only to individual claims).

## II.    Petitioner Is Not Entitled To Equitable Tolling.

3.      Petitioner argues that the one-year limitations period should be equitably tolled because his attorney's misconduct — that is, trial counsel's alleged failure to move to withdraw petitioner's guilty plea — was "so extraordinary as to justify" the delay in filing the instant petition. (Doc. 18 at 4-5). In support, petitioner cites a number of cases — but none from the Seventh Circuit — holding that "sufficiently egregious misconduct" by an attorney may warrant equitable tolling. (*Id.* at 4 (citing, among other cases, *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002)).

4.      Petitioner's argument is untenable in light of the unbroken line of Seventh Circuit authority that forecloses equitable tolling on the basis of attorney error. *See Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005) (attorney misconduct, no matter how severe, "is not a circumstance beyond a petitioner's control that might excuse an untimely petition"); *see also Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004); *Johnson v. McBride*, 381 F.3d 587, 589 (7th Cir. 2004); *Modrowski*

*v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003); *Johnson v. McCaughtry*, 265 F.3d 559, 565 (7th Cir. 2001); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999).  Petitioner neither acknowledges nor discusses these case.

    5.    In *Modrowski*, the Seventh Circuit made clear that the severity or culpability of an attorney's error is not relevant to the equitable tolling analysis:

> Modrowski cites several cases from other circuits suggesting that filing deadlines can be tolled for circumstances outside the bounds of ordinary attorney negligence. . . [W]e have rejected the reasoning behind several of the cases.  *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (§ 2255 case) and *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 241 (3d Cir. 1999), hold that an attorney's affirmative misrepresentation to a client can be grounds for equitable tolling because such willful behavior "goes beyond garden variety neglect," 165 F.3d at 241.  But we have held that attorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client.

*Modrowski*, 322 F.3d at 968; *see also Powell*, 415 F.3d at 727 (same).

    6.    Petitioner might reply that the Seventh Circuit has never rejected equitable tolling in a case where a habeas petitioner alleged that his attorney was guilty of "egregious misconduct."  But *Modrowski* specifically "rejected the reasoning behind" *Wynn* and like cases (on which petitioner relies) that hold § 2244(d)(1)'s limitations period can be equitably tolled due to an attorney's "egregious misconduct."  *Modrowski*, 322 F.3d at 968.  In *Wynn*, the Fifth Circuit held that an attorney's act of affirmatively misleading his client into believing that the attorney filed a § 2255 petition constituted a "'rare and extraordinary

circumstance' beyond petitioner's control" that might warrant equitable tolling." *Wynn*, 292 F.3d at 230. But in the Seventh Circuit's view, the *Wynn* court erred by conditioning the availability of equitable tolling on the severity or culpability of an attorney's actions. *Modrowski*, 322 F.3d at 968. Rather, attorney misconduct cannot be an external impediment to filing because "[t]he clients are the principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds. So much is clear for an attorney's misconduct." *United States v. 7108 W. Grand Ave.*, 15 F.3d 632, 634 (7th Cir. 1994).

7. Even assuming that equitable tolling were available based on attorney misconduct, petitioner's lack of diligence precludes application of the doctrine here. Petitioner states that respondent's motion "appears to concede that [petitioner] has diligently pursued his rights." (Doc. 18 at 5). That is incorrect, as the motion to dismiss expressly cited petitioner's lack of diligence as an independent basis for denying equitable tolling. (*See* Doc. 14 at 14 n.6).

8. In sum, equitable tolling is unwarranted in this case because: (1) Seventh Circuit precedent forecloses equitable tolling based on attorney error; (2) petitioner was not reasonably diligent in pursuing his rights[2] (*see* Doc. 14 at 2-3); and (3) no external impediment prevented him from filing the instant petition.

---

[2] Petitioner claims that because his attorney did not give him proper advice, he "waited too long to file a motion to withdraw his guilty plea." (Doc. 18 at 4-5). But when petitioner pled guilty, the trial court advised him that, if he wished to appeal, he was required to move to withdraw his guilty plea within 30 days. (*See* Doc. 14, Exh. A at 3).

**III.   This Court Lacks Discretion To Consider The Merits Of Petitioner's Untimely Habeas Petition.**

9.   Petitioner next contends that, even if his petition is untimely, this Court should exercise its inherent authority to manage its docket and consider the petition on the merits. (Doc. 18 at 5-6).  This argument ignores the language of § 2244(d)(1), which states that "[a] 1-year period of limitation *shall* apply to an application for a writ of habeas corpus[.]" 28 U.S.C. § 2244(d)(1).  AEDPA's command that a one-year limitations period "shall apply" to habeas petitions filed after April 24, 1996 leaves no room for the exercise of discretion in deciding whether an untimely petition should be dismissed.  *Cf. Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002) ("The term 'shall' denotes a clear directive, a command, as opposed to the terms 'may' or 'in his discretion'") (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570 (1982)).  The cases cited by petitioner — involving either the dismissal of a lawsuit as a sanction or the grant of additional time to retry or resentence a successful habeas petitioner — do not support his argument that this Court should ignore the plain meaning of § 2244(d)(1) and consider the merits of his untimely petition.

**IV.   Dismissing The Instant Petition As Time-Barred Would Violate Neither The Suspension Clause Nor Due Process.**

10.   Finally, petitioner argues that dismissing his petition as untimely would violate the Suspension Clause and due process protections.  Both claims are unfounded.

11.    The one-year limitations period would violate the Suspension Clause only if it renders habeas relief "inadequate or ineffective." *Swain v. Pressley*, 430 U.S. 372, 381 (1977).  Each court of appeals to address that question has held that application of § 2244(d)(1) does not violate the Suspension Clause.[3]  *See Ferguson v. Palmeteer*, 321 F.3d 820, 823 (9th Cir. 2003) (limitations period is not per se violation of Suspension Clause); *Delaney v. Matesanz*, 264 F.3d 7, 13 (1st Cir. 2001) (same); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1217 (11th Cir. 2000) (same); *Lucidore v. New York State Div. of Parole*, 209 F.2d 107, 113 (2d Cir. 2000) (same) *Miller v. Marr*, 141 F.3d 976, 976-78 (10th Cir. 1998) (same); *Turner v. Johnson*, 177 F.3d 390, 392-93 (5th Cir. 1999) (same).[4]

12.    Although the Seventh Circuit has not addressed the question, this Court should follow the persuasive authority cited above.  Recognizing that "judgments about the proper scope of the writ [of habeas corpus] are normally for Congress to make," *Felker*, 518 U.S. at 664 (holding that AEDPA's restrictions on

---

[3]  It is an open question whether the Suspension Clause protects "the writ as its exists today, rather than as it existed in 1789." *Felker v. Turpin*, 518 U.S. 651, 663-64 (1996).  The Seventh Circuit takes the view that the Suspension Clause prohibits only the abolition of "the *pretrial* writ to test the Executive's power to hold a suspect without trial." *Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000); *see also Lindh v. Murphy*, 96 F.3d 856, 867-68 (7th Cir. 1996), *overruled on other grounds*, 521 U.S. 320 (1997).  For purposes of this reply, respondent assumes, arguendo, that the Clause protects the modern-day writ of habeas corpus.

[4]  Several circuits have reserved the question whether, in a case where the petitioner could demonstrate his actual (as opposed to legal) innocence, application of the limitations period would violate the Suspension Clause. *E.g., Lucidore*, 207 F.3d at 113-14.  Petitioner makes no actual innocence claim, so the Court need not address that question.

second or successive petitions do not violate Suspension Clause), those courts have concluded that habeas remains an adequate and effective remedy because the one-year limitations period, combined with the availability of statutory and equitable tolling, affords petitioners a reasonable opportunity to pursue habeas relief. *E.g.*, *Wyzykowski*, 226 F.3d at 1216-17.

13.    Petitioner's conclusory argument that a dismissal of the instant petition on timeliness grounds "would constitute a denial of [his] right to due process" should be rejected. Petitioner's argument seems to be that, given the important role habeas has played throughout the Nation's history, any restriction — such as § 2244(d)(1) — on a prisoner's ability to file a petition violates the Constitution. That is clearly incorrect. *Cf. Felker*, 518 U.S. at 664; *Wyzykowski*, 226 F.3d at 1216-17; *Lindh*, 96 F.3d at 867-68. While petitioner cites a wealth of cases that either articulate general due process principles or describe the history of habeas corpus (Doc. 18 at 7-8), he cites no authority (and respondent has uncovered none) holding that due process is violated where a district court dismisses with prejudice a habeas petition that is clearly untimely under § 2244(d). As petitioner makes no attempt to demonstrate how a dismissal on timeliness grounds would be a due process violation, his conclusory allegations should be rejected.

## CONCLUSION

For the foregoing reasons, and for those set forth in respondent's motion to dismiss, the instant petition for writ of habeas corpus should be dismissed with prejudice. If this Court determines that any of petitioner's claims are timely, respondent requests 30 days from the entry of the Court's order denying respondent's motion to dismiss to address the merits and/or procedural defaults of those claims.

March 11, 2008                              Respectfully submitted,

                                            LISA MADIGAN
                                            Attorney General of Illinois

                              By:    s/ Michael R. Blankenheim
                                     MICHAEL R. BLANKENHEIM, Bar # 6289072
                                     Assistant Attorney General
                                     100 West Randolph Street, 12th Floor
                                     Chicago, Illinois 60601-3218
                                     TELEPHONE: (312) 814-8826
                                     FAX: (312) 814-2253
                                     EMAIL: mblankenheim@atg.state.il.us

# CERTIFICATE OF SERVICE

      I hereby certify that on March 11, 2008, I electronically filed respondent's **Reply In Support Of Respondent's Motion To Dismiss** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, which will send a copy of the same to petitioner's attorney, Gerardo S. Gutierrez.

                                                                                                 LISA MADIGAN
                                              Attorney General of Illinois

By:    s/ Michael R. Blankenheim
           MICHAEL R. BLANKENHEIM, Bar # 6289072
           Assistant Attorney General
           100 West Randolph Street, 12th Floor
           Chicago, Illinois 60601-3218
           TELEPHONE: (312) 814-8826
           FAX: (312) 814-2253
           EMAIL: mblankenheim@atg.state.il.us