UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN WILLIAMS, | * | |
| | * | No. 07 C 7238 |
| Petitioner-Defendant, | * | |
| | * | |
| v. | * | |
| | * | |
| ROGER E. WALKER, Director, | * | The Honorable |
| Illinois Department of Corrections | * | Samuel Der-Yeghiayan |
| | * | Judge Presiding |
| Respondent-Plaintiff. | * | |

**PETITIONER SHAWN WILLIAMS' SURREPLY TO THE GOVERNMENT'S REPLY IN SUPPORT OF MOTION TO DISMISS ' 2254 PETITION**

COMES NOW the Petitioner, SHAWN WILLIAMS, who submits the following Response to the Government's Reply in Support of their Motion to Dismiss**.** The government has once again asserted that the petition should be dismissed as untimely. In the reply, the government raises the following issues:

1. Whether the entire application is untimely under ' 2244(d)(1)(A), and Claim One is untimely under ' 2244(d)(1)(D);

2. Whether Mr. Williams is entitled to equitable tolling;

3. Whether this Court lacks discretion to consider the merits Mr. Williams' petition, in the event it is untimely; and

4. Whether dismissing the instant petition as time-barred would violate either the Suspension Clause or Due Process.

For the following reasons, the government's motion should be denied.

**I.    MR. WILLIAMS= ENTIRE PETITION IS NOT UNTIMELY UNDER 28 U.S.C. ' 2244(d)(1)(A), NOR IS CLAIM ONE UNTIMELY UNDER ' 2244(d)(1)(D).**

The government does not offer any additional arguments regarding these issues. Rather, the government relies upon the Areasons stated in respondent's motion to dismiss. The

government further asserts that, Aeven assuming that [Mr.Williams'] state post-conviction petition tolled the statute of limitations, the instant federal petition was filed at least two-and-a-half years after ' 2244(d)(1)(A)'s limitation period expired.  (Government's Reply, at 1).

As noted in Mr. Williams' reply, it has only been argued that September 27, 2006, should be used as the starting date for his first substantive issue B that his right to due process was denied when the state court denied his petition for post-conviction relief, without first conducting an evidentiary hearing.  As for the remaining issues, Mr. Williams has argued that he is entitled to equitable tolling.

The government asserts that Mr. Williams' due process claim (the first claim) is also untimely under 28 U.S.C. ' 2244(d)(1)(D), relying once again on Athe reasons stated in respondent=s motion to dismiss.  As noted in Mr. Williams' response, the government's reasons consisted of an argument that the factual predicate for Mr. Williams' due process claim existed Aas early as March and April of 2001 (when [Mr.Williams] pled guilty and trial counsel supposedly failed to file a notice of appeal).  (Motion to Dismiss, at 11-12).  That "reason is the only basis which the government has provided to show why this claim is not timely under subsection (d)(1)(D)."

The claim at issue, however, is based upon the argument that Mr. Williams was deprived of his right to due process when the state court denied his post-conviction petition, without conducting a hearing, on January 15, 2004.  The government still has provided no explanation for how the factual predicate for such a claim existed nearly three years before this occurred.  Since the factual predicate occurred on January 15, 2004, the one year time limitation began on

that date, but was tolled until the conclusion of Mr. Williams= appeal, pursuant to 28 U.S.C. '

2244(d)(2).  Therefore, Mr. Williams' first claim is certainly timely.

## II.  MR. WILLIAMS IS ENTITLED TO EQUITABLE TOLLING

The government has cited to several Seventh Circuit decisions, to support the argument that the Circuit has found that equitable tolling should not be applied based on any degree of attorney misconduct.  (Government's Reply, at 2-3).  All of the cases cited by the government involved instances where a petitioner was attempting to argue that equitable tolling should apply due to counsel=s misconduct or negligence in the filing of collateral post-conviction actions.  Powell v. Davis, 415 F.3d 722, 727 (7th Cir. 2005); Williams v. Sims, 390 F.3d 958 (7th Cir. 2004); Johnson v. McBride, 381 F.3d 587 (7th Cir. 2004); Modrowski v. Mote, 322 F.3d 965, 968 (7th Cir. 2003); Johnson v. McCaughtry, 265 F.3d 559, 565 (7th Cir. 2001); and Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999).

However, these cases are distinguishable from the instant matter in one important aspect.  Here, Mr. Williams is not arguing that equitable tolling should be applied because his attorney failed to timely file his habeas petition.  Rather, he has argued that appellate counsel failed to file a notice of appeal, thereby causing his limitations period to begin running much earlier than it would have, had he been afforded the opportunity to pursue a direct appeal.  In Powell v. Davis, 415 F.3d 722, 727 (7th Cir. 2005), the Court of Appeals noted that, Aas a matter of federal law there is no right to counsel with regard to post conviction proceedings.  Immediately thereafter, the court also noted that attorney misconduct Ais not a circumstance beyond a petitioner's control that might excuse an untimely petition.  Id.

The differences between cases such as <u>Powell</u> and the instant matter are evidenced by that court=s application of the principle that there is no right to counsel in habeas proceedings. This is in stark contrast to the Supreme Court's view of the role of counsel during appellate proceedings. As stated in <u>Evitts v. Lucey</u>, 469 U.S. 387, 406 (1985), a defendant has a Sixth Amendment right to the effective assistance of counsel on direct appeal. In the Seventh Circuit, it has been recognized that, where counsel fails to even file a notice of appeal, despite his client=s request that he do so, a defendant has been deprived of, not only the effective assistance of counsel, but of any assistance of counsel. <u>Castellanos v. United States</u>, 26 F.3d 717, 718 (7th Cir. 1994); <u>United States v. Nagib</u>, 56 F.3d 798, 801 (7th Cir. 1995).

Based on the foregoing, this case is distinguishable from the cases cited by the government. Here, Mr. Williams is not arguing that counsel erred during post-conviction proceedings, where there is no right to effective assistance of counsel. Rather, he is arguing that counsel was ineffective during appellate proceedings. Furthermore, Mr. Williams is not simply arguing that counsel erred during appellate proceedings, but that counsel's inaction constituted a total deprivation of assistance of counsel on appeal.

As a result of this deprivation of his constitutional right to counsel, Mr. Williams was further prejudiced by the significant lessening of the time to pursue post-conviction relief.

Although the additional grounds for equitable tolling were not addressed in the government's reply, Mr. Williams reiterates that he has been unable to seek state review of his claims, as a result of the violation of his due process rights in failing to conduct an evidentiary hearing. Therefore, in order to afford Mr. Williams the opportunity to have his claims heard, he has no other option than to turn to the federal courts to obtain proper review. Strict adherence to

the one year limitation would deny him that opportunity to finally have the merits of his claims considered, and would thus be inequitable.  Therefore, the doctrine of equitable estoppel should apply, to allow this Court to consider the claims previously denied by the state courts.

The government also correctly point out that they have not conceded that Mr. Williams has diligently pursued his rights.  However, the government's contention that he has not done so is inaccurate, and is based solely on the A364-day period between the conclusion of state post-conviction proceedings and the filing of the instant habeas petition.  However, Mr. Williams would contend that the statutes even establish that a petitioner should have at least one year between the conclusion of state action and the filing of a federal petition.  The government has chosen to ignore the significant lengths Mr. Williams has gone to in pursuing relief.  He has pursued every avenue of relief available except for one B a direct appeal, due to counsel's failure to follow his clear instruction to file a notice of appeal.  That instance certainly did create great hurdles for Mr. Williams to overcome, which continue to this day.  That is why equitable tolling should be applied in this case.

**III.    THIS COURT DOES NOT LACK DISCRETION TO CONSIDER THE MERITS OF THE INSTANT PETITION, EVEN IF IT IS DETERMINED THAT THE PETITION WAS UNTIMELY.**

The government contends that Mr. Williams' argument, that this Court has the authority to manage its docket and consider the instant petition, even if deemed untimely, ignores the instance of the word Ashall@ in 28 U.S.C. ' 2244(d)(1).  The government contends that the language therein, 1-year period of limitation shall apply . . . leaves no room for the exercise of discretion in deciding whether an untimely petition should be dismissed.  (Government's reply, at 5).  In support of this contention, the government cites to Cf. Iddir v. I.N.S., 301 F.3d 492, 499

(7th Cir. 2002), in which the Court of Appeals stated, The term "shall" denotes a clear directive, a command, as opposed to the terms "may" or "in his discretion", (citing <u>Griffin v. Oceanic Contractors, Inc.</u>, 458 U.S. 564, 570 (1982)).  Of course, this case did not involve an interpretation or application of the usage of "shall" in 28 U.S.C. ' 2244.

In <u>Gray-Bey v. United States</u>, 201 F.3d 866 (7th Cir. 2000) the Seventh Circuit addressed whether a court's discretion was prohibited by the use of the word "shall" in 28 U.S.C. ' 2244(b)(3)(D).  That subsection provides that "The court of appeals ***shall*** grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion." 28 U.S.C. ' 2244(b)(3)(D) (emphasis added).  The court noted that the word "shall" is not always understood to be mandatory.  <u>Gray-Bey</u>, 201 F.3d at 869.  Ultimately, the court concluded that the court did maintain discretion beyond the strict application of the 30-day time limitation.  <u>Id.</u> at 870.

Therefore, it is not necessarily true that the use of the word "shall" prohibits this Court from considering Mr. Williams" arguments, presented in response to the motion to dismiss, as to why this Court has discretion not to apply the one-year limitation in the instant case.

**IV.  DISMISSING THE INSTANT PETITION AS TIME-BARRED WOULD CONSTITUTE A VIOLATION OF MR. WILLIAMS= RIGHTS TO DUE PROCESS AND A VIOLATION OF THE SUSPENSION CLAUSE.**

The government contends that dismissing the instant petition as untimely would not violate due process or the Suspension Clause.  In support of this contention the government cites to several decisions from other appellate Circuits.  Included in the litany of cases cited are the cases of <u>Turner v. Johnson</u>, 177 F.3d 390 (5th Cir. 1999), and <u>Miller v. Marr</u>, 141 F.3d 390, 392-93 (10th Cir. 1998).  In relying upon the <u>Miller</u> case, the court in <u>Turner</u> claimed that the

disallowance of an untimely filed petition for writ of habeas corpus did not violate the Suspension Clause of the United States Constitution, as the petitioner had not shown that the remedy as provided via 28 U.S.C. ' 2254 was inadequate or ineffective.  However, the Miller court noted that the time limitations applicable to a ' 2254 petition may render the procedure inadequate or ineffective if the petitioner raises a question as to a constitutional error that may result in the incarceration of one who may be innocent.  Id. at 977.

In the instant case, Mr. Williams has asserted that counsel failed to investigate or explain possible defenses available to him.  In essence, rather than investigating Mr. Williams' case, counsel presented a guilty plea as the only real choice.  Mr. Williams informed counsel that he wished to proceed to trial, but counsel refused to take the case to trial.  Counsel informed Mr. Williams that he could not defend the felony murder count, because he had stolen a car and that act constituted a forcible felony and he would certainly be found guilty.  Counsel informed him that he was certain that he would be found guilty because he had talked to the judge, and that he had to take the deal if he ever wanted to see his family again.

As discussed in Mr. William=s Memorandum of Law in support of his habeas petition, by stating that he would surely be convicted of felony murder because he had stolen a car, and that such an act constituted a forcible felony, counsel misrepresented the law, thereby.  As such, counsel=s representation fell below an objective standard of reasonableness.

Due to counsel=s failure to discuss and explain potential defenses, and due to counsel's misrepresentation of the law, Mr. Williams agreed to enter a guilty plea.  Had he been made aware that defenses could be asserted, Mr. Williams would not have agreed to plead guilty.

While Mr. Williams is not arrogant enough to proclaim that he would have been found

innocent had counsel properly performed his duties, there is a real chance that this may have been the result, based upon the defense he could have asserted.

As it stands, the only way that Mr. Williams can establish his innocence is by returning to court and asserting the defense, which he was deprived as a result of trial counsel's ineffectiveness. To simply find that the instant action was not timely filed and should therefore be dismissed would violate the Suspension Clause of the United States Constitution. This would further constitute a denial of Mr. Williams' right to due process, due to the fact that the right to file a petition for writ of habeas is so ingrained in the American system of justice.

Based on the foregoing, Mr. Williams respectfully requests that the government's motion to dismiss be denied and that this Court consider the merits of the instant petition.

## **CONCLUSION**

For the above stated reasons, Mr. Williams prays that the government's motion to dismiss be denied.

Respectfully submitted,

by: _____
Gerardo S. Gutierrez, Esq.
Attorney for the Petitioner
53 W. Jackson Blvd., Ste. 1122
Chicago, Illinois 60604
(312) 786-9970  voice
(312) 922-7920 facsimile

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing Motion and Memorandum of Law appended hereto has been sent this 17th day of March 2008, by the Court's ECF electronic filing system and by regular U.S. Mail with sufficient postage affixed thereto to insure delivery thereof to Michael R. Blankenheim, Assistant Attorney General, 100 West Randolph Street, Chicago, IL 60601-3218.

                                                      _____
                                                      Gerardo S. Gutierrez, Esq.
                                                      Attorney for the Petitioner