IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. SHAWN WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>ROGER E. WALKER,[1] Director,<br>Illinois Department of Corrections,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)  07 C 7238<br>)<br>)<br>)  The Honorable<br>)  Samuel Der-Yeghiayan,<br>)  Judge Presiding. |

**RESPONSE TO PETITIONER'S SURREPLY**

Respondent ROGER E. WALKER hereby submits his response to petitioner's surreply. For the reasons that follow, and for those set forth in respondent's motion to dismiss (Doc. 14) and reply (Doc. 21), the petition should be dismissed with prejudice because it is untimely under 28 U.S.C. § 2244(d)(1).

**I.   Petitioner Forfeited All Of The Arguments Raised For The First Time In His Surreply.**

1.   Petitioner has raised for the first time in his surreply three new arguments to support his contention that his federal habeas petition is timely: (1) petitioner's case is distinguishable from every Seventh Circuit case that rejected equitable tolling on the basis of attorney error; (2) "it is not necessarily true that the

---

[1]   Gerardo Acevedo, Warden of the Hill Correctional Center, is the proper respondent in this matter and should be substituted for Roger E. Walker. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d)(1); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Bridges v. Chambers*, 425 F.3d 1048, 1049-50 (7th Cir. 2005).

use of the word 'shall'" in § 2244(d)(1) means that AEDPA's limitations period is mandatory; and (3) because "there is a real chance that" petitioner "would have been found innocent had counsel properly performed his duties," dismissing his habeas petition on timeliness grounds would violate the Suspension Clause.

    2.    Petitioner forfeited the arguments outlined above by failing to raise them in either his memorandum of law in support of his petition or his reply to respondent's answer.  *Leyva v. Walls*, 230 F. Supp. 2d 847, 853 n.4 (N.D. Ill. 2002) (pro se habeas petitioner forfeited new arguments raised in reply to respondent's answer); *see also United States v. Stevens*, 380 F.3d 1021, 1025 (7th Cir. 2004) (arguments raised for first time in reply brief are forfeited); *Jennings v. United States*, 461 F. Supp. 2d 818, 833 (S.D. Ill. 2006) (applying forfeiture rule to case brought under 28 U.S.C. § 2255).  The case for forfeiture is stronger here than it was in *Leyva*: petitioner is not proceeding pro se, and he has already had two opportunities — his memorandum of law in support of the petition and his response to respondent's motion to dismiss — to address the timeliness of his federal petition.

    3.    Because petitioner forfeited the three arguments raised for the first time in his surreply, this Court should not address them.  However, if this Court elects to excuse petitioner's forfeiture, they should be rejected on the merits.

**II.**    **Petitioner Is Not Entitled To Equitable Tolling.**

    4.    Petitioner claims that his case can be distinguished from the line of Seventh Circuit precedent that forecloses equitable tolling on the basis of attorney error because "he is arguing that counsel was ineffective during appellate

proceedings," rather than during state or federal collateral review, when there is no constitutional right to counsel. (*See* Doc. 22 at 3-4). This argument has no merit.

    5.    Petitioner has yet to demonstrate what external impediment actually prevented him from filing his federal petition on time. Petitioner's allegation that his attorney failed to perfect his direct appeal, despite petitioner's request to do so, could, if proven, establish a Sixth Amendment violation. *Johnson v. McBride*, 381 F.3d 587, 589-90 (7th Cir. 2004) (lawyers are agents, but "[t]he sixth amendment creates an exception to this principle for criminal prosecutions"). But that is not to say that his trial counsel's failure to perfect his direct appeal actually prevented petitioner from filing a federal habeas petition on time. In fact, petitioner makes no such allegation; he merely contends that, due to his counsel's supposed error, "the limitations period beg[a]n running much earlier than it would have" otherwise. (Doc. 22 at 3). But to be entitled to equitable tolling, petitioner must demonstrate that, once the statutory year began, some external impediment prevented him from filing the petition. *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007). In the absence of any such allegation, petitioner's equitable tolling claim should be rejected.

    6.    Furthermore, the history of petitioner's state court proceedings amply establishes that, once the one-year clock started to run, no external impediment prevented a timely filing. Rather, it was petitioner's own lack of diligence that ultimately caused him to file an untimely petition.

    7.    Petitioner's conviction became final on April 26, 2001 – 30 days after he pled guilty. (*See* Doc. 14 at 5-6). Rather than promptly filing a collateral

challenge to his conviction in state court, such as a postconviction petition under 725 ILCS 5/122-1, *et seq.*, petitioner took no action for 11 months. Only then, on March 26, 2002, did petitioner file an untimely motion to withdraw his guilty plea. (Doc. 14 at 2).[2] When that motion was denied on timeliness grounds, petitioner allowed 18 months to pass before he filed, on October 27, 2003, a postconviction petition. (*Id.* at 2-3). Petitioner does not explain how he was able to file a motion to withdraw his guilty plea and a postconviction petition in state court once the limitations period began running under § 2244(d)(1)(A), but was prevented from filing a federal habeas petition within that same period of time.

      8.      Moreover, if petitioner had any uncertainty as to the operation of § 2244(d)(1)'s limitations period, or if he believed that the early start to the limitations period 30 days after entry of his guilty plea would prejudice his ability to file a federal habeas petition, he took no steps to preserve his ability to seek relief in federal court. For example, petitioner could have filed a postconviction petition in state court, filed a federal habeas petition, and then asked the district court to stay his habeas petition while he exhausted his claims in state court. *Accord Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006) ("We have gone so far as to suggest that it would be wise for a petitioner to file in both state and federal court simultaneously . . . and then ask the district court to stay the federal case until the

---

[2] As noted previously, the trial court admonished petitioner that, if he wanted to appeal, he had to file a motion to withdraw his guilty plea within 30 days of sentencing. (Doc. 14 at 2).

state case concludes to ensure that she does not miss the one-year deadline"). His failure to follow such a procedure (one endorsed by the Seventh Circuit to avoid the situation that petitioner now finds himself in), or to take any prompt action, amply demonstrates petitioner's lack of diligence.

9.  According to petitioner, respondent "has chosen to ignore the significant lengths [petitioner] has gone to in pursuing" relief in state court. (Doc. 22 at 5). That criticism is unwarranted. First, respondent's motion to dismiss cited to the history of petitioner's state court proceedings (that is also briefly outlined above) to support his argument that petitioner was not diligent in pursuing his rights. (*See* Doc. 14 at 14 n.6). Second, respondent's diligence argument was not "based solely on the 364-day period between the conclusion of state post-conviction proceedings and the filing of the instant habeas petition," as petitioner erroneously states. (*See id.*). Finally, although petitioner is correct that he has pursued a number of avenues to obtain relief from his conviction (Doc. 22 at 5), the record reflects that he has not done so with reasonable diligence.

10. In sum, petitioner is not entitled to equitable tolling because no external impediment actually prevented him from filing a timely federal habeas petition and petitioner did not pursue his rights with reasonable diligence.

**II.  This Court Lacks Discretion To Consider The Merits Of Petitioner's Untimely Petition.**

11. Petitioner relies on *Gray-Bey v. United States*, 201 F.3d 866 (7th Cir. 2000), to support his argument that the word "shall" in 28 U.S.C. § 2244(d)(1)

actually means "may." But *Gray-Bey* is distinguishable, and petitioner's argument that a district court has discretion to disregard a properly raised statute of limitations defense is without merit.

12.   First, petitioner's reading of § 2244(d)(1) is inconsistent with the plain meaning of the statute (*see* Doc. 21 at 5) and cannot be squared with Congress's intent in enacting AEDPA.  "Congress enacted AEDPA to reduce the delays in the execution of state and federal criminal sentences, particularly in capital cases," *Woodford v. Garceau*, 538 U.S. 202, 206 (2003), and § 2244(d)(1) "quite plainly serves the well-recognized interest in the finality of state court judgments . . . by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."  *Duncan v. Walker*, 533 U.S. 167, 179 (2001).  If accepted, petitioner's view of the word "shall" would frustrate the statute's primary purposes — furthering the finality of state court criminal convictions and ensuring that habeas petitioners promptly file their petitions in federal court.  Therefore, this Court should reject petitioner's argument.

13.   Second, AEDPA's statute of limitations is an affirmative defense that respondent properly raised in his motion to dismiss, *Day v. McDonough*, 547 U.S. 198, 208 (2006); *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004), so the timeliness of the instant petition is an issue that is properly before this Court.  *Cf.* Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any . . . affirmative defense, including . . . statute of limitations"); *Day*, 547 U.S. at

202 (failure to raise affirmative defense in answer or amendment thereto ordinarily results in forfeiture).

14.  Third, *Gray-Bey* is of no help to petitioner. There, the Seventh Circuit held that, in extraordinary circumstances, the court may extend the 30-day window established by 28 U.S.C. § 2244(b)(3)(D) for the final disposition of a habeas petitioner's application for leave to file a second or successive petition, even though the statute directed that "[t]he court of appeals shall grant or deny" the application within 30 days of filing. *Gray-Bey*, 201 F.3d at 866. That case is distinguishable on two grounds. First, *Gray-Bey* did not construe § 2244(d)(1), so it does not control the meaning of the word "shall" in § 2244(d)(1). As noted above, petitioner's reading of that section would undermine AEDPA's primary purpose. *See* p.6, *supra*. Second, the primary rationale for *Gray-Bey*'s holding — that the 30-day window impermissibly interfered with "the courts ability to perform their assigned judicial function under the Constitution" — is inapplicable here. *Gray-Bey*, 201 F.3d at 868. Section 2244(d)(1)'s limitations period does not restrict the federal courts' power to adjudicate a case that is properly before it; rather, the statute of limitations merely restricts the time in which a petitioner may file a habeas petition in federal court.

15.  For all of these reasons, petitioner's argument that this Court may disregard respondent's properly raised limitations defense should be rejected.

### III. Dismissing The Instant Petition Would Not Violate The Suspension Clause.

16. Although the circuits unanimously agree that § 2244(d)(1)'s limitations period does not violate the Suspension Clause (*see* Doc. 21 at 6 (collecting cases)), several courts have reserved the question whether there is an exception for a petitioner who is "actually innocent." *E.g.*, *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000).[3] Petitioner attempts to shoehorn his case into that narrow exception by arguing that, although he "is not arrogant enough to proclaim that he would have been found innocent had counsel properly performed his duties, there is a real chance that this may have been the result." (Doc. 22 at 7-8). Because petitioner cannot make a credible showing that he is actually innocent, this Court need not address petitioner's Suspension Clause challenge.

17. To demonstrate "actual innocence" in a federal collateral proceeding, petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 126 S.Ct. 2064, 2076-77 (2006) (quoting *Schlup v. Delo*, 513

---

[3] Because petitioner's memorandum of law and his response to the motion to dismiss made no actual innocence claim, respondent's reply assumed, arguendo, that the Suspension Clause protects the modern day statutory writ of habeas corpus. (Doc. 21 at 6 n.3). Now that petitioner has raised an actual innocence claim in his surreply, respondent contends (and in order to preserve this issue in the event that this proceeding results in an appeal) that the Seventh Circuit's decisions in *Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2002) (Suspension Clause does not preclude the federal government from *entirely* abolishing collateral review of final judgments), and *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005) (there is no freestanding actual innocence exception to the limitations period), are dispositive of petitioner's Suspension Clause challenge.

U.S. 298, 324 (1995)). "To be credible, [an actual] innocence claim requires petitioner to support his claim . . . with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. This is a more difficult standard than showing a reasonable doubt of guilt, *see id.* at 328, and has been adopted by courts addressing whether the Suspension Clause requires a federal habeas court to consider the merits of an untimely habeas petition filed by a prisoner making a threshold showing of actual innocence. *Lucidore*, 209 F.3d at 114. Petitioner has not attempted to satisfy *Schlup*'s demanding standard, and any attempt to do so would fail.

18.   First, petitioner all but concedes that he is unable to satisfy *Schlup*. Instead of arguing that it is more likely than not that no reasonable factfinder would have acquitted him, he merely contends that there was a "real chance" he would have been acquitted had counsel been effective. (Doc. 22 at 7-8). But *Schlup* requires proof that, more likely than not, no reasonable juror would have voted to convict, and petitioner has not met that burden.

19.   Second, petitioner has not supported his "actual innocence" claim with any new, reliable evidence that was not presented during the plea colloquy in which petitioner admitted that he was guilty of first degree murder. In his memorandum of law, petitioner claims that "his only motive [in operating the stolen vehicle at a high rate of speed] was to elude the police officers, that the collision was an

accident, and that the accident was the result of the operation of the vehicle at excessive speed." (Doc. 2 at 14). But petitioner's biased, uncorroborated account of the crime — an account that contradicts his sworn admissions during the plea colloquy that he was guilty of first degree murder — is not so inherently trustworthy that no reasonable factfinder would have discredited it and concluded that petitioner was guilty of murder. *Cf. United States v. Carroll*, 412 F.3d 787, 792 (7th Cir. 2005) (although actual innocence is valid basis for withdrawing guilty plea under Fed. R. Crim. P. 32(e), defendant's bare protestations of innocence do not suffice); *Doe v. Menefee*, 391 F.3d 147, 173 (2d Cir. 2004) (even in actual innocence context, "weighty presumptions" of veracity attach to defendant's "sworn plea of guilty"); *Gomez v. Jaimet*, 350 F.3d 673, 680-81 (7th Cir. 2003) (rejecting actual innocence claim based on petitioner's and codefendant's exculpatory statements).

20.    Finally, given that the only new evidence petitioner offers to support his actual innocence claim is his own protestation of innocence (as opposed to an affidavit from a previously undiscovered or unavailable witness), his lengthy delays in seeking state and federal collateral relief are "inconsistent with a claim of actual innocence." *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1219 (11th Cir. 2000) (Dubina, J., specially concurring) (credibility of petitioner's actual innocence claim, which depended upon petitioner's own statements, was undermined by his five-year delay in seeking federal habeas relief).

21.     Because petitioner cannot demonstrate his "actual innocence," there is no need to reach the Suspension Clause issue, which in any event is foreclosed by the Seventh Circuit's decisions in *Freeman* and *Escamilla.*

## CONCLUSION

For the foregoing reasons, and for those set forth in respondent's motion to dismiss and reply, the instant petition for writ of habeas corpus should be dismissed with prejudice. If this Court determines that any of petitioner's claims are timely, respondent requests 30 days from the entry of the Court's order denying respondent's motion to dismiss to address the merits and/or procedural defaults of those claims.

April 4, 2008                           Respectfully submitted,

                                        LISA MADIGAN
                                        Attorney General of Illinois

                                By:     s/ Michael R. Blankenheim
                                        MICHAEL R. BLANKENHEIM, Bar # 6289072
                                        Assistant Attorney General
                                        100 West Randolph Street, 12th Floor
                                        Chicago, Illinois 60601-3218
                                        TELEPHONE: (312) 814-8826
                                        FAX: (312) 814-2253
                                        EMAIL: mblankenheim@atg.state.il.us