IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAWN WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 07 C 7238 |
| | ) |
| GERARDO ACEVEDO, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Respondent's motion to dismiss Petitioner Shawn Williams' ("Williams") petition for a writ of habeas corpus ("Petition"). For the reasons stated below, we grant Respondent's motion to dismiss.

## BACKGROUND

On March 27, 2001, Williams pled guilty in the Circuit Court of Cook County, Illinois, to first degree murder and aggravated battery. Williams was charged with stealing a taxi cab on December 25, 1999, and crashing into another vehicle and

pedestrian, killing one woman and injuring two other people. The trial court sentenced Williams to concurrent terms of twenty-eight and five years of imprisonment. On March 26, 2002, nearly a year after Williams pled guilty, Williams filed a motion to withdraw his guilty plea. On April 9, 2002, the trial court denied the motion as untimely under Illinois Supreme Court Rule 604(d), which requires such motions to be filed within 30 days of the imposition of a sentence. Eighteen months later, on October 27, 2003, Williams filed a *pro se* petition for post-conviction relief ("Post-conviction Petition") in the Circuit Court of Cook County, arguing that his guilty plea was not voluntary and that he had been denied his constitutional rights to effective assistance of counsel and due process. On January 15, 2004, the trial court dismissed the Post-conviction Petition as frivolous. Williams appealed to the Illinois Appellate Court, First District, and on April 18, 2006, the Illinois Appellate Court affirmed the dismissal by the trial court. Williams then filed a petition for leave to appeal to the Illinois Supreme Court on June 8, 2006, which was denied on September 27, 2006.

On September 27, 2007, Williams filed the instant Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Williams claims (1) that the denial of his Post-conviction Petition by the state trial court without an evidentiary hearing violated his due process rights, (2) that he was denied his Sixth Amendment right to effective assistance of counsel due to the fact that his state court trial counsel allowed him to enter into an involuntary guilty plea, and (3) that he was denied his Sixth

Amendment right to effective assistance of counsel due to the fact that his counsel failed to perfect Williams' appeal. Williams states that he should be entitled to an evidentiary hearing on each of his claims. Respondent has filed a motion to dismiss arguing that Williams' Petition is time-barred under 28 U.S.C. § 2244(d) and arguing that Williams' Petition does not state a constitutional due process violation.

## LEGAL STANDARD

Under 28 U.S.C. § 2244(d) ("Section 2244(d)"), all federal habeas petitions must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute of limitations period is tolled, however, for "[t]he time during which a properly filed application for State post-conviction or otherwise collateral review with respect to the pertinent judgment or claim is

pending. . . ." 28 U.S.C. § 2244(d)(2). Aside from the statutory tolling under Section 2244(d)(2), the Seventh Circuit has also found that the statute of limitations may be tolled under the doctrine of equitable tolling, which is proper when "extraordinary circumstances" outside a petitioner's control prevent timely filing. *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). The Seventh Circuit has stated, however, that "[m]istakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling." *Id.*

## DISCUSSION

The parties dispute the specific date that the statute of limitations began to run with respect to the filing of the instant Petition and whether or not the limitations period should have been tolled for any of Williams' claims. Respondent argues that the statute of limitations with respect to all of Williams' claims began to run on April 26, 2001, the date that judgment became final in Williams' criminal case, and that the statute of limitations period expired on April 26, 2002, one year from the date of the final judgment. Respondent further argues that the statute of limitations period expired on all of Williams' claims prior to the collateral review by the state courts and that equitable tolling would not apply to any of Williams' claims. Williams contends that, with respect to his due process claim, the statute of limitations period began to run on September 26, 2006, the date that state collateral review ended, and

that his claim was timely filed. Williams further argues that equitable tolling should apply to all of his claims, that even if Williams' claims are barred by the statute of limitations period the court has discretion to hear the claims, and that the dismissal of Williams' claims as time-barred would constitute a further violation of the United States Constitution.

I. Timeliness of the Ineffective Assistance of Counsel Claims

Williams has brought two claims alleging a violation of his Sixth Amendment right to effective assistance of counsel. Williams alleges a constitutional violation with respect to his counsel's actions throughout the negotiations of his eventual guilty plea, as well as a constitutional violation resulting from his counsel's failure to file a notice of appeal. Section 2244(d)(1) states that a federal habeas petitions must be filed "within one year of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Williams entered his plea of guilty and was sentenced on March 27, 2001.

Pursuant to Illinois law, a criminal defendant who has entered a plea of guilty may not file an appeal unless, within 30 days of the imposition of a sentence, the defendant files a proper motion to withdraw the plea of guilty and vacate the judgment. Ill. Sup. Ct. R. 604(d). Williams acknowledges that he did not file such a motion within 30 days of the imposition of his sentence. Thus, for the purposes of

the statute of limitations, the judgment in Williams' criminal case became final 30 days after March 27, 2001. Williams has not pointed to any other provision in Section 2244(d)(1) that provides a different starting date for the statute of limitations period with respect to his ineffective assistance of counsel claims. Therefore, pursuant to Section 2244(d)(1)(A), the statute of limitations began to run on Williams' ineffective assistance of counsel claims on April 26, 2001, which was 30 days after he was sentenced on March 27, 2001. Respondent correctly notes that there was no collateral state review on these claims until Williams filed the Post-conviction Petition on October 27, 2003. Thus, in the absence of equitable tolling, the statute of limitations expired long before Williams brought his state court appeal and the instant Petition would be untimely.

Williams argues that the doctrine of equitable tolling should apply to all of his claims including his ineffective assistance of counsel claims. In federal habeas petitions, the doctrine of equitable tolling may apply only when "'extraordinary circumstances far beyond the litigant's control . . . prevented timely filing.'" *Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). According to the Seventh Circuit, attorney incapacity, non-responsiveness, or negligence are not grounds that warrant equitable tolling. *See Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005)(stating that "'attorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client' and thus is not a circumstance beyond a petitioner's control

6

that might excuse an untimely petition")(quoting in part *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003)); *see also Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001)(overruled on other grounds by *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001)); *Marcello*, 212 F.3d at 1010. The Seventh Circuit has further stated that "[e]quitable tolling of the statute of limitations is such exceptional relief that 'we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context.'" *Poe*, 468 F.3d at 477 (quoting in part *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004)).

Williams claims that he has diligently pursued his rights and that he has shown extraordinary circumstances beyond his control that would warrant the application of equitable tolling to his claims. However, Williams' allegations, in total, amount to a suggestion of attorney malfeasance which the Seventh Circuit has explicitly excluded as a possible grounds for equitable tolling. *Powell*, 415 F.3d at 727. Williams argues that other courts outside the Seventh Circuit have found that egregious attorney misconduct may provide a justification for equitable tolling. However, in the first instance, Williams has not shown egregious attorney misconduct, and we are bound by the laws of this Circuit, which clearly exclude attorney misconduct as a ground for equitable tolling. *Id.*

Notwithstanding any alleged failure by Williams' attorney to file a post-conviction petition or notice of appeal, Williams was still provided with a one-year period to file his federal habeas petition. Williams has not pointed to any

circumstances beyond his control that prevented him from filing a federal habeas petition during this period. Therefore, based on the record, it is clear that equitable tolling should not be applied to Williams' ineffective assistance of counsel claims. Since the statute of limitations has run on Williams' ineffective assistance of counsel claims and there is no tolling provision that would make those claims timely, we grant Respondent's motion to dismiss with respect to those claims.

II. Timeliness of the Due Process Claim

Williams contends that the state court violated his Fifth Amendment due process rights when it denied his Post-conviction Petition on January 15, 2004, without conducting an evidentiary hearing. The record reflects that Williams waited nearly a year until March 26, 2002, to file a *pro se* motion to withdraw his guilty plea and vacate his sentence. However, under Illinois law, Williams had only 30 days from the date of his guilty plea to file a motion to withdraw his guilty plea. Williams' motion was denied as untimely by the trial court on April 9, 2002. Williams then waited another 18 months until October 27, 2003, to file a *pro se* Post-conviction Petition. The trial court dismissed Williams' Post-conviction Petition on January 15, 2004, as frivolous and patently without merit. It was this dismissal, along with the lack of an accompanying evidentiary hearing, that Williams argues violated his due process rights.

Williams claims that, pursuant to Section 2244(d)(1)(D), he is entitled to a

period of one year from the denial of his Post-conviction Petition to file a federal habeas petition, and that this period was tolled between January 15, 2004, and September 27, 2006, due to the fact that there was a properly-brought state court collateral review during that time. While Section 2244(d)(1)(A) states that the limitations period may begin to run from the date that the judgment in the underlying action becomes final, Section 2244(d)(1)(D) provides that the statute of limitations period may also begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Williams argues that the factual predicate for his due process claim could not have been discovered until January 15, 2004, the date that his Post-conviction Petition was denied without a hearing, and that the statute of limitations period was further tolled on the basis of a collateral state review until September 27, 2006. Respondent argues that, the actual "factual predicate" of Williams' due process claim is not the denial of his Post-conviction Petition without a hearing, but rather the underlying facts supporting his claim for post-conviction relief. (Mot. 11). Respondent, therefore, argues that the statute of limitations with respect to the due process claim actually began to run "as early as March and April of 2001," when Williams became aware of the facts supporting his Post-conviction Petition. (Mot. 11).

The language of Williams' Petition clearly states that his claim of a due

process violation relates only to the state trial court's denial of his Post-conviction Petition relief without an evidentiary hearing. Williams' due process claim states, "[t]he Petitioner's [r]ight to Due Process of [l]aw, as [g]uaranteed by the Fifth Amendment to the United States Constitution, was [d]enied when the [s]tate [c]ourt [d]enied [r]elief on [h]is [p]etition for [p]ost [c]onviction [r]elief, [w]ithout [c]onducting an [e]videntiary [h]earing." (Compl. Par. 9). Respondent interprets the subject matter of this claim to be the underlying issues that were raised in the Post-conviction Petition. Respondent is correct that any claim based on the underlying subject matter of Williams' Post-conviction Petition would be time-barred due to the fact that Williams was aware of the factual predicate of such a claim more than a year before he filed his appeal in state court. 28 U.S.C. § 2244(d)(1)(D). However, the language of Williams' Petition clearly raises a claim for due process violations on the basis of the sole isolated issue of whether the denial of his Post-Conviction Petition without an evidentiary hearing was a violation of Williams' Fifth Amendment due process rights. Williams affirms this premise in his answer to the motion to dismiss. (Ans. 3). Thus, based on Williams' allegations, Williams could not have discovered the factual predicate for his due process claim until the trial court denied his Post-conviction Petition without a hearing. Therefore, the proper start date for the statute of limitations with respect to Williams' due process claim is January 15, 2004. Respondent concedes that the statute of limitations was tolled due to a collateral review at the state court level, between January 15, 2004, and

September 27, 2006. Thus, because Williams filed the instant Petition on September 27, 2007, within one year of September 27, 2006, his due process claim is not barred by the statute of limitations.

III. Cognizability of the Due Process Claim

As stated above, the only claim brought by Williams that is timely, pursuant to the statute of limitations, is Williams' due process claim. Also, as stated above, Williams' due process claim survives a statute of limitations challenge only to the extent that it asserts a violation of his due process rights based solely on the state trial court's denial of his Post-conviction Petition without conducting an evidentiary hearing. Williams has not stated a due process claim based on the underlying issues brought in his Post-conviction Petition and any such claim would be barred by the statute of limitations. 28 U.S.C. § 2244(d)(1)(D). In addition to challenging the timeliness of the due process claim, Respondent has argued that Williams has not stated a constitutional claim with respect to his due process claim. A petition for habeas corpus may be dismissed by the court when "[i]t plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in United States District Courts; *see also Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). If the court makes such a determination, it may dismiss the petition "without requiring an answer by the

respondent, without allowing the petitioner to engage in discovery, without allowing the record to be supplemented by materials from previous proceedings, and without an evidentiary hearing. . . ." *Dellenbach*, 76 F.3d at 822. The Seventh Circuit has stated that a federal habeas petition must cross a "threshold of plausibility" before the Respondent should be required to answer and "[i]f the petition seems extremely unlikely to have merit" the court may dismiss the petition. *Id.* at 823.

Respondent states, with respect to Williams' due process claim, "petitioner's claim that the trial court violated due process by denying his postconviction petition without an evidentiary hearing is not cognizable on federal habeas review." (Mot. 10 n. 5). Respondent further states, "[i]n the end, this claim merely alleges a violation of state law for which federal habeas relief is unavailable." (Mot. 10 n. 5). Since Respondent has raised the argument that Williams has not stated a cognizable constitutional claim, we will address it along with the issue of whether Williams' due process claim is defaulted for failure to present the issue to the state court.

### A. Failure to State a Claim

At issue is whether a cognizable constitutional claim could be asserted solely on the basis of the fact that a state court denied an untimely post-conviction petition without first conducting an evidentiary hearing. Federal habeas corpus relief is reserved only for those in custody who are the victims of violations of the United States Constitution or federal law. *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th

Cir. 1996). In order for Williams' due process claim to have any likelihood of success on the merits, Williams would have to show that he has a constitutional right to a hearing on any post-conviction petition, regardless of the fact that he did not follow proper procedure in state court. According to Illinois law, "if the [state] court determines that the [post-conviction] petition is frivolous or is patently without merit, it shall dismiss the petition in a written order specifying the findings of fact or conclusions of law." 725 ILCS 5/122-1(a-5). That is precisely what the state court did and it is unlikely that Williams would even be able to establish a violation of Illinois law. However, even if Williams were to somehow able to establish that the denial of a hearing with respect to his post-conviction proceeding violated Illinois law, he would still have failed to establish a federal constitutional violation. Habeas relief "is not a remedy for errors of state law." *Montgomery*, 90 F.3d at 1206. As Respondent notes in its motion to dismiss, there is no constitutional right to a hearing in state post-conviction proceedings, particularly when the petitioner has failed to follow state procedures. *See Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir. 1997)(stating that federal habeas relief would not apply to state law errors in state collateral proceedings because such errors would be unrelated to the defendant's confinement). Therefore, Williams has not stated a cognizable constitutional claim with respect to his due process claim.

    B. Procedural Default

In addition, Williams has also failed to show that his claim is not procedurally defaulted. A petitioner's claim is procedurally defaulted unless "'he fully and fairly presented his claims to the State appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge.'" *Simpson v. Battaglia*, 458 F.3d 585, 593 (7th Cir. 2006)(quoting *Bintz v. Bertrand,* 403 F.3d 859, 863 (7th Cir. 2005)). To fully and fairly present a claim, the petitioner must have "'assert[ed] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings.'" *Id.* (quoting *Lewis v. Sternes,* 390 F.3d 1019, 1025 (7th Cir. 2004)). Thus, a petitioner must pursue his appellate right "to the highest state court to preserve federal review. . . ." *Grigsby v. Cotton*, 456 F.3d 727, 732 (7th Cir. 2006).

A federal court can review procedurally defaulted claims if a petitioner "shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure," or if the refusal to review would result in a "fundamental miscarriage of justice." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999). A petitioner can establish cause by "showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." *Lewis*, 390 F.3d at 1026. To establish prejudice, a petitioner must show that the violation of his federal rights "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* (quoting *United States v.*

14

*Frady*, 456 U.S. 152, 170 (1982)).  A miscarriage of justice exists "where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent'" and the petitioner can "show that it is more likely than not that no reasonable juror would have convicted him," but for the alleged constitutional violation.  *Rodriguez*, 193 F.3d at 917 (quoting in part *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)).

In the instant action, Williams included in his Petition a list of the issues that he presented on appeal to the state appellate court after the trial court dismissed his Post-conviction Petition.  According to Williams' Petition, the two arguments he made to the state appellate court were: (1) that his Post-conviction Petition stated the gist of his constitutional claims, and (2) that the trial court erred in determining that his Post-conviction Petition should be dismissed on the procedural ground of waiver.  (Pet. Par. 4).  Williams, therefore, concedes that he did not raise with the state appellate court the specific claim that the denial of his Post-conviction Petition without a hearing was a violation of his constitutional rights.  Williams has failed to fully and fairly present his due process claim to the Illinois appellate courts and the state courts have not had a meaningful opportunity to consider the substance of his due process claim.  *Simpson*, 458 F.3d at 593.  Based on the foregoing, we find that Williams has not stated a cognizable constitutional due process claim.  We also find that Williams' claim is procedurally defaulted, and that Williams has not shown that the exceptions to procedural default apply.  Therefore, we dismiss Williams' due

process claim, which is the only remaining claim.

IV. Williams' General Constitutional Arguments

In Williams' response brief opposing Respondent's motion to dismiss, as well as in a surreply brief filed by Williams without leave of court, Williams has raised several general constitutional arguments that the dismissal of Williams' Petition by this court would violate provisions of the United States Constitution. Williams also argues that, even if his claims are barred by the statute of limitations, the court maintains discretionary authority to hear Williams' claims and that the court should exercise that authority in the interest of justice.

    A.  Constitutional Arguments Regarding Dismissal of Williams' Claims

Williams argues, in opposition to Respondent's motion to dismiss, that dismissal of the instant action, even if properly based on a lack of timeliness, would constitute a violation of his right to due process and a violation of the Suspension Clause of the Constitution. Williams argues that "a petition for writ of habeas corpus is deeply ingrained in the American system of justice . . . [and] is among the most fundamental features distinguishing our free society from a police state, where unbridled and arbitrary punishment is used as an instrument of tyranny." (Ans. 7). Williams argues that to refuse review of his Petition due to the statute of limitations would "unconstitutionally suspend the writ of habeas corpus. . . ." (Ans. 8). Finally,

Williams argues that any application of the statute of limitations to a habeas petition would violate the Suspension Clause of the United States Constitution. These general constitutional arguments raised by Williams, as applied to his case, are without merit. Congress has articulated the scope of habeas corpus relief and has provided Williams with the opportunity to challenge any perceived constitutional violations within a statutory period. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996)(stating that "judgments about the proper scope of the [habeas corpus] are 'normally for Congress to make'")(quoting in part *Lonchar v. Thomas*, 517 U.S. 314, 323 (1996)). Respondent accurately points out that there is a "well-recognized interest in the finality of state court judgments. . . ." *Duncan v. Walker*, 533 U.S. 167, 179 (2001). The imposition of a statute of limitations has not rendered Williams' right to habeas relief "inadequate or ineffective." *Swain v. Pressley*, 430 U.S. 372, 281 (1977). Furthermore, with respect to Williams' Suspension Clause argument, Williams has not shown that the application of the statute of limitations to federal habeas petitions would be unconstitutional. Williams cites a case from outside the Seventh Circuit in which the court reserved the issue of whether the application of the statute of limitations would violate the Suspension Clause in cases where the petitioner could demonstrate actual innocence. *Lucidore v. New York State Div. of Parole*, 209 F.2d 107, 113-14 (2d Cir. 2000); *but see Ferguson v. Palmeteer*, 321 F.3d 820, 823 (9th Cir. 2003)(finding that "the statute of limitations, does not render federal habeas an inadequate or ineffective remedy"); *Delaney v.*

*Matesanz*, 264 F.3d 7, 13 (1st Cir. 2001).  Even if such issue was decided in the Seventh Circuit, whereby the application of the statute of limitations would violate the suspension clause in a case where the petitioner could demonstrate actual innocence, Williams cannot demonstrate actual innocence in this case.  Williams has not argued that he can establish actual innocence in his case and states that he "is not arrogant enough to proclaim that he would have been found innocent had counsel properly performed his duties, [however] there is a real chance that this may have been the result. . . ."  (Surreply 7-8).  Williams speculates that somehow he might have been found not guilty, but does not assert actual innocence.  Thus, Williams' argument that, in his case, the application of the statute of limitations to his claim would violate the constitution lacks merit.

### B. Discretion to Review Despite Untimeliness

Williams argues in opposition to Respondent's motion to dismiss, that even if the statute of limitations bars some or all of his claims, the court still maintains discretion over its docket and may chose to hear the claims anyway.  However, this argument also lacks merit due to the fact that the plain language of Section 2244(d)(1) requires dismissal of actions filed outside of the applicable statute of limitations.  *See* 28 U.S.C. § 2244(d)(1)(stating that "[a] 1-year statute of limitations shall apply to an application for a writ of habeas corpus").  Furthermore, even if the court did have discretion to consider petitioner's claims, notwithstanding his failure

to timely assert them, Williams has not presented any compelling reasons for considering his claims outside of the statute of limitations period. Therefore, since Williams has failed to state a claim on his due process claim and since Williams' claims for ineffective assistance of counsel are barred by the statute of limitations, we grant Respondent's motion to dismiss in its entirety.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   June 24, 2008